NORWICH UNION FIRE INS. SOC., Limited,
v. CITIZENS' BUILDING & LOAN
ASS'N.    (No. 3553.)

Court of Civil Appeals of Texas.    Texarkana.
June 1, 1928.

Rehearing Denied June 7, 1928.

Insurance ⚖=581—Under fire policy payable to mortgagee "as its interest might appear," mortgagee's interest was indebtedness which mortgagor owed according to note and mortgage.

Where mortgagor insured property, and in rider attached to policy it was stipulated that loss or damage, if any, on house insured should be paid to mortgagee "as its interest might appear," and house was completely destroyed, *held* that, mortgagee's interest being indebtedness which mortgagor owed, determined, according to terms of note and mortgage on insured property, insurer was liable to mortgagee for balance due on note, with interest at 10 per cent. as stipulated therein, and not at rate of 6 per cent. as contended by insurer.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, As Interest May Appear.]

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by the Citizens' Building & Loan Association against the Norwich Union Fire Insurance Society, Limited.    Judgment for plaintiff, and defendant appeals.    Affirmed.

April 15, 1926, J. C. Norris and his wife, Susie Norris, were indebted to·the appellee, Citizens'. Building & Loan Association, in the sum of $1,200, as was evidenced by their promissory note and a mortgage made to ·secure it on property hereinafter referred to. On the date mentioned, in compliance with stipulations in the note and mortgage, the Norrises had the appellant, Norwich Union Fire Insurance Society, Limited, to issue its policy insuring them in the sum of $1,600 for a period of 3 years from said April 15, 1926, against loss by fire of a dwelling house they owned. By a rider attached to the policy it was stipulated that the loss or damage, if any, on the house insured should be paid to appellee as mortgagee as its interest might appear. It was further stipulated in the rider that the policy, as to the interest therein of the mortgagee, should not be invalidated by any act or neglect of the owners of the property, if conditions specified, which need not be stated here, were complied with. The dwelling house covered by the policy was totally destroyed by fire November 2, 1926. At that. date the amount of the note, principal and interest, was $1,205.53. The note was not then due, it seems, but was afterwards declared by the loan association to be due as authorized by stipulations in it. The amount was not paid within the time pro-vided in the policy, nor ever thereafter, because, it seems, of a difference between the insurance society and loan association as to the amount the latter was entitled to demand and receive of the former; the insurance society contending it was liable only for $1,-205.53, the amount of the note at the date of the fire, and 6 per cent. interest thereon thereafter, and the loan. association insisting it was entitled to demand and receive the ·$1,-205.53, interest thereon at the rate of 10 per cent. per annum, as·stipulated for in the note and mortgage, and certain fines it assessed against the Norrises in accordance with its by-laws forming a part of the contract between it and the Norrises.    Acceptance of a tender of the $1,205.53 and 6 per cent. interest thereon made .by. the insurance society May 16, 1927, was refused by the loan association; and thereafter, to wit, on July 20, 1927, it commenced this suit, whereby it sought to re-, cover of the insurance society the amount, principal, interest, and attorney's fees, of the note, according to the terms thereof, together with certain fines assessed against said Norrises in accordance with said by-laws.    The trial was to the court without a jury, and resulted in a judgment in favor of the loan company as prayed for by it; whereupon, the insurance· society prosecuted this appeal.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Bibb & Caven, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above).    Whether appellant's contention that it was liable only for the amount of the note · at the date of the fire and 6 per cent. interest. thereon from the time it ought to have paid same should be sustained, or, instead, that of appellee, that appellant was liable to it for the amount of the note at the date of the fire and for interest thereon at the rate of 10 per cent. per annum and attorney's fees as stipulated for in the note and mortgage, and for fines assessed as provided in the by-laws hereinbefore referred to, was the question in the court below.    We think that court determined it correctly when he upheld the contention of appellee.    The undertaking of appellant, in the event of loss of the property by fire, was to pay the amount it thereby became liable for, to wit, $1,600, to appellee "as its interest might appear."    Laurenzi v. Ins. Co., 131 Tenn. 644, 176 S. W. 1022.    That interest, it appeared, was the indebtedness of the Norrises to appellee, determined according to the terms of the note and the mortgage securing it on the insured property.    So determined, that indebtedness amounted to $1,-205.53 at the date of the fire, and payment of that amount, to appellee at that time would have satisfied its claim.    Appellant argues and cites authorities to show that· the rights of the parties to the contract were "fixed at

the time of the fire." We agree they were, but as between appellant and appellee we think they became fixed as indicated by what has been said above—that is, that appellant then became bound to pay appellee the amount of Norrises' indebtedness according to the terms of the note and mortgage. The contract evidencing. that indebtedness became, in effect, appellant's contract; and it became liable, as the Norrises did, for breach of the terms thereof. · Such, as we understand it, was the holding, in effect, of the. Court of Civil Appeals in Panhandle Nat. Bank v. Security Co., 61 S. W. 731. And see Insurance Co. v.,Thomasson (Ky.) 84 S. W. 546; Kissire v. Grocer Co., 103 Ark. 473, 145 S. W. 567; Bonham v. Johnson, 98 Ark. 459, 136 S. W. 191; 26 C. J. 438. ·

The judgment is affirmed.