**POTOMAC INS. CO. v. WEATHERLY et al.**

**No. 1107.**

Court of Civil Appeals of Texas. Waco.

Oct. 15, 1931.

Rehearing Denied Dec. 4, 1931.

E. G. Senter, of Dallas, for appellant.

Cockrell, McBride O'Donnell & Hamilton and Burgess, Burgess, Chrestman & Brundidge, all of Dallas, for appellees.

BARCUS, J.

On April 12, 1928, appellant issued its fire insurance policy insuring a house· owned by J. B. Evans against loss by fire in the sum of $6,000. On April 17, 1928, appellant attached a rider to said insurance policy, making the loss, if any, payable to Mrs. Nancy C. Weatherly as · holder of the first mortgage and Miss Annie L. Stevens as holder of the second mortgage, as their interest might appear. Said rider provided that the interest of the mortgagees should not be invalidated by any act or neglect of the mortgagor or owner of the property. In June, 1928, the property was totally destroyed· by fire. Mrs. Weatherly held a first mortgage note against the property for $5,000, signed by J. B. Evans, dated April 10, 1928, bearing· 8 per cent. interest per annum from date, and providing for 10 per cent. attorney's fees, and secured by a deed of trust which obligated Evans to insure the property for the benefit of the holder of said note. No portion of this note was paid at the time of the fire. Miss Annie L. Stevens held a second lien note for $825, signed by George T. Kean, of date December 10, 1927, bearing 8 per cent. interest, and providing for attorney's fees, on which there had been paid $70.

After the fire, Mrs. Weatherly gave legal notice to appellant and all other parties interested, and sold the lot under her deed of trust for $1,000, its full value, which amount was credited on her indebtedness. She then instituted this suit against appellant on the insurance policy to recover the balance due on her note. Appellant answered by plea in abatement for lack of parties defendant, in

that it alleged Annie L. Stevens, George T. Kean, and J. B. Evans had an interest in the proceeds of the policy and were therefore necessary parties, and then by cross-action against Evans for any amount that the holders of the mortgage liens might recover against it. Several terms of court passed after the plea in abatement and cross-action were filed, and appellant did not attempt to get his plea in abatement acted on, neither did it have citation issued for either of said parties. Appellant contends that George T. Kean was a necessary party because he purchased the lot on which the house was built from Miss Stevens and gave her the vendor's lien note sued on as part payment therefor; and that J. B. Evans was a necessary party because he purchased the property from Kean and assumed said vendor's lien note and built the house on said property and gave the note held by Mrs. Weatherly, and had the insurance policy sued on issued in his name. Miss Stevens filed her plea of intervention and asked judgment on the insurance policy against appellant for the amount due on the vendor's lien note which she held. In reply to said plea of intervention, appellant filed a plea in abatement because George T. Kean and J. B. Evans were necessary parties thereto.

The cause was tried to the court, and judgment was entered October 10, 1930, against appellant in favor of Mrs. Weatherly for $5,391.99, being the admitted amount of principal, interest, and attorney's fees due on her note, with 6 per cent. interest from date of judgment, and in favor of Miss Stevens for $985.06, being the uncontroverted amount of principal, interest, and attorney's fees due on her note.

By several assignments of error and propositions, appellant contends that it was error for the trial court to overrule its plea in abatement for lack of necessary parties, and for entering judgment without J. B. Evans and George T. Kean being made parties to the suit; its contention being that they are necessary parties to this litigation. We overrule these assignments. The record shows George T. Kean had no interest in the controversy. He was not therefore a proper party to the suit. Hartford Fire Ins. Co. v. Tatum (C. C. A.) 5 F.(2d) 169. The record also shows that when the suit was filed the land had been sold and Evans had no interest therein; that the insurance policy was payable to Mrs. Weatherly and Miss Stevens as lienholders. This exact question was decided adversely to appellant's contention in German Fire Insurance Co. v. Gibbs Wilson & Co., 42 Tex. Civ. App. 407, 92 S. W. 1068, 96 S. W. 760 (error ref.) where the court held that, when a policy of insurance was payable to a mortgagee as his interest might appear, the mortgagee could sue alone and recover on the policy, especially where it appeared, as in this case, that the mortgage debt was as much or more than was due on the insurance policy. Norwich Union Fire Ins. Society v. Citizens' Building & Loan Ass'n (Tex. Civ. App.) 7 S.W.(2d) 144 (error ref.); Couch on Insurance, Vol. 8, § 2052; 14 R. C. L. 1427.

Appellant, by other assignments of error, contends that it was error for the trial court to refuse to strike out the plea of intervention filed by Miss Stevens. We overrule these assignments. Appellant, having asked that Miss Stevens be made a party defendant, is not in a position to complain at her making herself a party. Furthermore, the policy being payable to her as her interest might appear, and it being an admitted fact that she had a lien on the property destroyed by fire, she was a proper party to this litigation.

By fifty-nine different assignments of error, appellant complains at the various findings of fact and conclusions of law of the trial court. He does not cite a single authority in support of any of said propositions or assignments. Most of the material facts were agreed to by appellant or shown by undisputed testimony. We have examined each of said assignments, as well as all other assignments of error urged by appellant, and, finding no reversible error, same are overruled.

The judgment of the trial court is affirmed.