[S. F. No. 1313.   Department Two.—May 9, 1900.]

ANSON P. HOTALING, Respondent, v. GEORGE W. MON-
TIETH, Appellant.

FORECLOSURE OF MORTGAGE—EVIDENCE—INCREASED RATE OF INTEREST TO
COVER TAXES.—In an action to foreclose a mortgage which does
not stipulate for the payment of any taxes upon the mortgage
by the mortgagor, parol evidence is inadmissible to show that
the rate of interest was made two per cent greater than it
otherwise would have been in order to cover the anticipated
taxes on the mortgage.  In the absence of a usury law in this
state, any rate of interest may be agreed upon by the parties;
and it is immaterial what business considerations led them to
adopt the stipulated rate.

ID.—VALIDITY OF ALLOWANCE OF ATTORNEY'S FEE—STIPULATION IN MORT-
GAGE.—An allowance of attorneys' fees in an action for the fore-
closure of a mortgage based upon an express stipulation con-
tained in the mortgage is not liable to the objection that such
fees are not allowed in other actions, and that an allowance
thereof in foreclosure cases is unconstitutional.

ID.—FIXING OF FEE BY COURT—EVIDENCE UNNECESSARY—DISCRETION OF
COURT.—No evidence of the extent or value of the services of the
attorneys of the mortgagor is necessary as a basis of the al-
lowance fixed by the court.  The observation of the court is
sufficient evidence of the services, and it has discretion to fix
the fee without calling for the opinion of witnesses to assist it.

APPEAL from a judgment of the Superior Court of Marin
County and from an order denying a new trial.  Charles W.
Slack, Judge, presiding.

The facts are stated in the opinion of the court.

George W. Monteith, Appellant, in pro. per.

Carter P. Pomeroy, and Hepburn Wilkins, for Respondent.

McFARLAND, J.—This is an ordinary action to foreclose a
mortgage executed by defendants George W. Montieth and his
wife to secure the payment of a promissory note made by the
former to plaintiff.  Judgment went for plaintiff, from which,
and from an order denying a motion for a new trial, George W.
Montieth appeals.

There are only two points made by appellant which need be noticed: 1. That the court erred in sustaining objections to certain evidence offered by appellant; and 2. That the court erred in allowing an attorney's fee.

1. Appellant offered to prove by witnesses that when the note and mortgage were executed there was a verbal agreement between the parties, which was, in substance, this: that the interest which the note was to bear was made two per cent greater than it otherwise would have been in order to cover the anticipated taxes on the mortgage., To this offer an objection of respondent that the agreement was not in writing, and was incompetent, irrelevant, and immaterial, was sustained, and exception taken by appellant. The objection was properly sustained. (*Daw v. Niles,* 104 Cal. 106; *Harrelson v. Tomich,* 107 Cal. 627.) In the cases just cited the offer was to prove a parol agreement of the mortgagors to actually and directly pay "the taxes to be assessed or levied upon the mortgage," while in the case at bar the offer was, in effect, merely to prove that the parties, when agreeing upon the amount of interest to be paid, considered the fact that the mortgagee would have to pay taxes on the amount of the loan. In the absence of a usury law, any rate of interest for which the parties contract is legal; and it is immaterial what ordinary business considerations lead them to adopt the stipulated rate.

2. The mortgage provided for a counsel fee of "fifty dollars and a percentage at the rate of five per cent upon the amount of judgment recovered"—which amounted to over two hundred dollars. The court allowed a counsel fee of only one hundred and twenty-five dollars. Counsel contends that it is unconstitutional to allow any counsel fees in a foreclosure suit, because such fees are not allowed in other actions; but no such question arises here, because the allowance was based upon the express contract of the mortgagor. The act of March 27, 1874 (Stats. 1873, p. 707), entitled, "An act to abolish attorneys' fees, and other charges, in foreclosure suits," which authorizes a court to fix "the attorney's fee" notwithstanding "any stipulation in the mortgage to the contrary," has been properly construed in *Monroe v. Fohl,* 72 Cal. 570, 571, as referring only to "the attorney's fee provided for in the mortgage," and as

having "no application where none is so provided." The act merely gives the court power to fix the fee at any sum not exceeding the amount stipulated by the mortgagor; it cannot allow a fee greater than that amount. (*Monroe v. Fohl, supra; Hewitt v. Dean,* 91 Cal. 14.) Appellant also contends that the allowance of an attorney's fee was erroneous, because there was no evidence of the attorney's services or their value. Waiving all other views, the facts that the case was commenced in and tried before the court rendering the judgment afforded sufficient evidence of the services of plaintiff's attorney; and the court had the discretion to fix the fee without calling for the opinion of witnesses to assist it. There certainly was, in this case, no abuse of discretion. In *Woodward v. Brown,* 119 Cal. 309, 63 Am. St. Rep. 108, where a similar question was presented, this court said: "The attorney brought the action and tried it, and this appears from the record; no further evidence of employment was required. The duty of fixing the amount of compensation was cast upon the court, and no evidence of the value of the services was necessary." (See, also, opinion of Harrison, J., in *Watson v. Sutro,* 103 Cal. 169.)

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.

Hearing in Bank denied.