[Civ. No. 3644. First Appellate District, Division One.—February 26, 1921.]

ISHAM R. JONES, Respondent, v. EDWARD A. BAXTER et al., Defendants; A. D. DUFUR et al., Appellants.

**[1]** APPEAL—ORDER DENYING NEW TRIAL — DISMISSAL. — While it is proper on an appeal from a judgment to review an order denying a motion for a new trial, an appeal from such an order is now unauthorized and should be dismissed.

[2] MORTGAGE—FORECLOSURE—EXTENT OF OWNERSHIP OF MORTGAGOR—FINDING—CONFLICT OF EVIDENCE—APPEAL.—In an action for the foreclosure of a mortgage, a finding against the claim that at the time the mortgage was given the mortgagor owned but an undivided interest in the mortgaged property and that the mortgagee accepted the mortgage with knowledge of such fact cannot be disturbed, where the evidence as to such issue is in substantial conflict.

[3] ID.—RECOVERY ON INSURANCE POLICY—EXPENDITURES OF MORTGAGEE—RIGHT OF REIMBURSEMENT.—Under a mortgage clause providing that the mortgagee might insure the mortgaged buildings if the mortgagor failed to do so, with loss, if any, payable to the mortgagee, the mortgagee has the right to deduct from the proceeds collected under a policy of insurance the amount expended by him for costs and attorney's fees in an action on the policy.

[4] ID.—ATTORNEY'S FEES—FIXING OF AMOUNT—RIGHT OF COURT.—Under a mortgage clause providing for the payment of a reasonable counsel fee in the event of foreclosure, the court may fix the amount without recourse to any evidence of the reasonable value of the services.

[5] PLEADING—NOTICE OF OVERRULING OF DEMURRER—PRESENCE IN COURT—WAIVER.—While it is true that the code contemplates service of a written notice on an adverse party of the action of the court in overruling a demurrer and allowing time to answer, yet where a party is represented by counsel in court present at the time such order is made, the necessity of the service of such a notice is dispensed with.

[6] ATTORNEY AND CLIENT—APPEARANCE—PRESUMPTION.—In the absence of any showing to the contrary, it must be presumed that the appearance of an attorney for a party in an action is an authorized appearance.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. Denver Sevier, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry L. Ford and John F. Dufur for Appellants.

Geo. W. Hunter for Respondent.

BARDIN, P. J., *pro tem.*—This action was brought to foreclose a mortgage given by Edward A. Baxter upon real property in Humboldt County to secure the payment of a promissory note in the sum of $700. The defendants

John F. Dufur and his wife, A. D. Dufur, appeal from the judgment rendered in favor of the plaintiff Jones and also include in their notice of appeal a purported appeal from the order denying their motion for a new trial. **[1]** While it is proper on an appeal from the judgment for us to review such an order, yet an appeal therefrom is now unauthorized and should be dismissed. (Secs. 956, 963, Code Civ. Proc.; *Roberts* v. *Colyear,* 179 Cal. 669, [180 Pac. 937].)

The trial court determined that there was due, owing, and unpaid to the plaintiff upon said promissory note and for money expended under the terms of the mortgage the sum of $397.47, and also the further sum of $108.85 for attorney fees and costs incurred in the action, aggregating in all $506.32, for which defendant Baxter was personally liable, and declared that such sum was secured to be paid by the mortgage referred to. The usual decree directing the sale of the mortgaged premises to satisfy such indebtedness, attorney fees, and costs followed.

**[2]** The principal point relied upon for a reversal of the judgment is founded upon the claim of appellants that at the time the mortgage was given to Jones, the mortgagor Baxter owned but an undivided one-third interest in the mortgaged property, and that at that time A. D. Dufur owned the remaining two-thirds interest, and that Jones accepted the mortgage with full knowledge of that fact. The trial court found against this claim, and it is now urged that such finding is without proper support in the evidence. We have carefully examined the record and find that there was ample testimony adduced at the hearing to support the finding complained of. The evidence shows that Jones, while the owner of the premises described in the mortgage, entered into a verbal agreement for the sale thereof to Baxter and John F. Dufur, who was acting as the agent of his wife, A. D. Dufur, whereby it was agreed that Jones would sell the premises, together with certain livestock thereon, for the sum of $2,000. Jones, Baxter, and John F. Dufur all met in the latter's office on September 29, 1914, to consummate the oral agreement of sale, and Dufur, who was an attorney at law, thereupon prepared a deed for the signatures of Jones and his wife, whereby the premises were to be conveyed to Baxter. Jones signed the

same and departed, leaving it with Dufur, but it was not signed by Mrs. Jones until a later hour on the same day at a neighboring bank. After Jones had signed the deed referred to, Baxter executed and delivered to John F. Dufur, in his capacity as agent for his wife, a deed conveying to Mrs. Dufur an undivided two-thirds interest in and to the real property in controversy. After the partial execution of the deed from Jones to Baxter, Baxter and Dufer went to the bank referred to where Mrs. Jones added her signature to the deed and Dufur, in behalf of Mrs. Dufur, thereupon paid to Jones $1,300 of the purchase price of the premises, the balance of the purchase price being paid by the execution of the note and mortgage in suit. The two deeds were afterward placed of record at the request of Dufur, but by some arrangement not made clear the mortgage was caused to be recorded at the request of a local bank immediately following the recordation of the deed from Jones to Baxter and prior to that of the deed from Baxter to Mrs. Dufur.

The respondent testified to the effect that he had conveyed the real property referred to to Baxter and had taken the mortgage back simultaneously and as a single transaction; that he was not a party to the transaction between Baxter and Dufur, and knew nothing of that, and that he had never heard of the appellant's claim that his mortgage was intended to cover only a one-third interest in the mortgaged premises until a short time before the trial, and that the mortgage was intended to cover the full title to the land, and not an undivided interest therein.

The testimony of Jones was strongly corroborated by Baxter and by certain indirect evidence not necessary to here discuss. We attach no importance to the order in which the two deeds and the mortgage were recorded, for the question of what interest in the lands was really intended to be mortgaged must be answered by a determination of the nature of the transaction at the time the deed from Jones to Baxter passed and the mortgage given.

It is true that some testimony highly contradictory to plaintiff's theory of the case was given at the trial, but as has so often been said before, the weight of the evidence is for the consideration and determination of the trial court, and where there is such a conflict in the evidence as is

here disclosed, an appellate court will not disturb the findings.

[3]    Certain buildings situate upon the mortgaged premises were destroyed by fire, while the mortgage was in effect, which were covered by a policy of fire insurance containing the usual provision that such a loss should be payable to the mortgagee. The mortgage provided that the mortgagee might insure such buildings if the mortgagor failed so to do, with loss, if any, payable to the mortgagee. The insurance company refused to pay the amount of the loss, and it became necessary for Jones to institute an action upon the policy to recover the loss thus sustained. Judgment was rendered for plaintiff in the sum of $704.41 and of which amount $18.75 was for costs of suit. In crediting the mortgagor on account of the receipt of such moneys, the plaintiff deducted not only the said sum of $18.75 recovered as costs, but also the further sum of $100 paid as attorney's fee in the action against the fire insurance company. The court found that this fee was both reasonable and necessary and was paid for the benefit of A. D. Dufur. As relating to this last finding it may be stated parenthetically that Mrs. Dufur had meanwhile succeeded to the full title to the premises described in the mortgage. We agree with the trial court that the deductions made from the insurance moneys on account of the expenses referred to were proper.

[4]    The allowance of an attorney's fee in the sum of $75 for services in the present action is attacked. The mortgage provided for the payment of "a reasonable counsel fee" in the event of foreclosure, and the court allowed plaintiff the sum of $75 as and for such a fee. The point is urged that the court made such an allowance arbitrarily and without recourse to any evidence being adduced to show what would be a reasonable amount to allow for such purpose. The point is not well taken. (*Woodward* v. *Brown,* 119 Cal. 283, 309, [63 Am. St. Rep. 108, 51 Pac. 2, 542]; *Hotaling* v. *Montieth,* 128 Cal. 556, [61 Pac. 95]; *Baker* v. *Eilers Music Co.,* 175 Cal. 652, [166 Pac. 1006].)

[5]    One point remains to be considered and that is the contention of appellant John F. Dufur that as to him the judgment should be reversed for the reason that the default taken against him for not answering the complaint was without warrant or authority of law. Dufur appeared

51 Cal. App.—38

in the action in proper person and filed a demurrer. Henry L. Ford appeared for Mrs. Dufur, by filing a demurrer in her behalf. It is recited in a minute order, contained in the judgment-roll, that at the time fixed for hearing argument on the demurrers of John F. Dufur and A. D. Dufur to plaintiff's complaint, Henry. L. Ford, as attorney for said defendants, appeared in court, and made argument on said demurrers, whereupon the demurrers were overruled and twenty days granted and allowed to answer the complaint. The defendant John F. Dufur was not served with notice of the said ruling on his demurrer, and having failed to answer the complaint within the time allowed, his default was entered by the clerk. No motion to vacate and set aside such default was ever made nor was it ever suggested, and it is not now claimed, that Mr. Ford was not authorized to appear for Mr. Dufur, although Mr. Dufur was present at the trial and participated therein as a witness. It is recited in the judgment that the default of said Dufur was duly and regularly entered.

While it is true that the code (secs. 476, 1010, Code Civ. Proc.) contemplates service of a written notice on an adverse party, of the action of the court in overruling a demurrer and allowing time to answer, yet where a party is represented by counsel in court present at the time such order is made, the necessity of the service of such a notice is dispensed with. (*Wall* v. *Heald,* 95 Cal. 364, [30 Pac. 551].)

[6] We must presume, in the absence of any showing to the contrary, that Mr. Ford's appearance for Mr. Dufur was an authorized appearance. Not only does this follow by reason of the familiar rule that every intendment is to be indulged in to support the judgment (*Von Schmidt* v. *Von Schmidt,* 104 Cal. 547, [38 Pac. 361]), but also for the further reason that it must be presumed, until the contrary is made to appear, that an attorney appearing in court for a party to an action or other proceeding is authorized so to do. An attorney is an officer of the court and occupies, with relation to the administration of justice, a position of trust and confidence, and it must be presumed, until the contrary is made to appear, that he will not violate his obligation and make an unauthorized appearance for any person whom he purports to represent.

Perceiving no error, the judgment is affirmed. The appeal from the order denying the motion for a new trial is dismissed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1921.

All the Justices concurred.