DAKE *v.* WOODCOCK.

Opinion delivered March 24, 1930.

410

*.O. H. Sumpter,* for appellant.

*C. T. Cotham,* for appellee.

Kirby, J., (after stating the facts). Appellant insists that the court erred in decreeing a foreclosure upon the mortgage and the rendition of the decree against the executor, the claim against the estate of Emily Dake not having been probated and being barred by the statute of nonclaim. The suit was properly brought for foreclosure of the lien against the property mortgaged or conveyed by the deed of trust without probation of a claim against the estate of one of the makers, deceased, of the secured note. No judgment was sought against the

estate of the decedent, but only foreclosure of the lien of the mortgage executed by the decedent as security therefor. *Hall* v. *Denckle,* 28 Ark. 506; *Arkmo Lumber Co.* v. *Cantrell,* 159 Ark. 456, 252 S. W. 901.

There is no contention that the debt secured by the mortgage was barred by the statute of limitations, § 7408, C. & M. Digest. *Mueller* v. *Light,* 92 Ark. 522, 123 S. W. 646, 31 L. R. A. (N. S.) 1013.

The executor of the estate of deceased, maker of the note, was a necessary party to the suit for the determination of the amount due on the note for payment of which the lien was to be foreclosed. Under the allegations of the complaint, the money borrowed by Charles Dake, $533, was for payment of taxes, interest, etc., the payment of which was also secured under the terms of the mortgage, and, Charles Dake having succeeded to the ownership of the property mortgaged under the provisions of the will of his wife, and expressly agreed that the payment of the notes was secured by the terms and conditions of the original deed of trust, there was no error in foreclosing the lien of the mortgage for its payment.

We find no error in the record, and the decree is affirmed.