SHARP *v.* PEASE.

4-4469

Opinion delivered December 21, 1936.

*W. N. Ivie* and *Charles W. Ivie,* for appellant.

*Price Dickson* and *Clyde T. Ellis,* for appellee.

McHANEY, J. On May 14, 1934, appellant's intestate and her husband were burned to death when their home was destroyed by fire. The house and the land on which it stood were under mortgage which was owned by appellee. The fee title to said property was in Mrs. Finch. The house was insured in the sum of $200, and the insurance company promptly paid said amount to appellant. The note which the mortgage was given to secure became delinquent, and appellee brought a suit to foreclose said mortgage, making appellant a party to the action, in which it was alleged that he had collected said insurance

for the use and benefit of said mortgagee and that he held same in trust for her, and should be required to pay same over to be applied on said mortgage indebtedness. Appellant filed demurrer to the complaint and a motion for nonsuit on the ground that "no verified demand against said estate had ever been presented to the administrator and no such demand had ever been filed or probated as required by law." The demurrer and motion were over-ruled and appellant answered denying the allegations of the complaint in so far as they affected him as administrator and again alleged no verified claim had ever been presented to him or to the probate court, and pleading in bar of the action the statute of nonclaim. There was no mortgage clause or loss-payable clause attached to said policy, but the mortgage contained the following clause: "Said grantors further agree to at once insure, and keep insured during the continuance of mortgage in force, the buildings upon said lands against loss by fire, lightning and windstorm, in the amount of $............... in insurance companies satisfactory to grantee for not less than three-year terms and to promptly deliver the insurance policies properly assigned or pledged to said grantee as collateral and additional security for the payment of the sums secured hereby, and whether the same shall be actually assigned or not, the loss thereunder, if any, shall be payable to said grantee to the extent of grantee's interest in said property and in the event of the failure, neglect or refusal of said grantors to so insure said buildings or to reinsure the same and to deliver the policies properly assigned or pledged to the said grantee before the expiration of policy or any policies thereon, then said grantee is hereby authorized to insure or reinsure said buildings for said amount and to pay the premiums thereon, the amounts therefor to be paid immediately to grantee with interest at 10 per cent. per annum from the date of payment and same shall be a further lien and charge upon said property; and the grantee may sign all applications and other writings necessary to obtain such insurance in the name, place and stead of grantors; and in the event of loss under policy or pol-

icies the grantee shall have full power to receive, collect and settle the same and for that purpose may in the name, place and stead of grantors and as their agent and attorney in fact, sign and indorse all vouchers, checks, receipts, drafts and other writings necessary to procure the money thereunder, and to apply the amount so collected toward payment of the indebtedness hereby secured, and any holder hereof may assign any and all policies of insurance to subsequent holders.''

The court entered a decree of foreclosure for the amount of the debt and interest secured by the mortgage which amounted, at the date of foreclosure, to the sum of $1,451.37, and appellee became the purchaser of said lands at the foreclosure sale for the sum of $1,251.37, leaving a balance of $200 due on said judgment. The court passed for later determination the question as to who was entitled to the $200 insurance money and on April 23, 1936, the court entered a decree holding that the $200, collected by appellant, is a trust fund and ordering it paid to appellee. This appeal is from that judgment.

Appellee brought this action as the assignee of the original note and mortgage, but sometime after the assignment she entered into a new extension agreement extending the due date of both the note and mortgage. The extension agreement contained a clause that the mortgagor should keep the house insured for the benefit of the mortgagee, of similar import to the clause in the original mortgage. Appellant's intestate purchased the property covered by the mortgage subject thereto, and appellant contends that because of this fact there was no obligation to pay the mortgage indebtedness. While this is true, it is also true that the property insured was a part of the security covered by the mortgage, and the house, as well as the land, stood pledged to pay the debt. Mrs. Finch's grantor, and she herself, contracted that they would keep said property insured for the benefit of the mortgagee. It is also true that there was no loss-payable clause in the policy for the benefit of the mortgagee, but this cannot help appellant because the mortgage provides that the absence of a loss-payable

clause or an assignment of the policy shall not affect the rights of the mortgagee to the proceeds. Cases cited by appellant are not in point. In *Bonham* v. *Johnson*, 98 Ark. 459, 136 S. W. 191, this court held, to quote a syllabus: ''Where a mortgage stipulated that the property should be insured for the mortgagee's ·benefit, this constituted an appropriation in advance of the insurance money to the satisfaction of the mortgage indebtedness; and this is true even though part of such indebtedness is not yet due.'' See also *Kissire* v. *Plunkett-Jarrell Grocer Co.*, 103 Ark. 473, 145 S. W. 567, and *Tipton* v. *Jonesboro Grocer Co.*, 166 Ark. 407, 266 S. W. 270. In 26 C. J. 439, the rule is stated thus: ''Where such policy is issued in pursuance of a stipulation therefor in the mortgage, the mortgagee is entitled to the proceeds although he was not informed of the issuance of the policy and had no knowledge thereof until after the fire.'' Had Mrs. Finch lived and collected the insurance herself, she could have been ·compelled to account therefor to appellee. Her administrator acquired no greater rights to the proceeds of the policy than she herself had.

But appellant says that appellee should have filed a claim properly verified within the period of the statute of nonclaim, and not having done so she is ·barred. We cannot agree with appellant in this contention. As we have heretofore stated, the proceeds of the insurance were appropriated in advance to the payment of a particular debt, and it could not have ;been appropriated otherwise except with the consent of both parties to the agreement. The insurance proceeds did not come into the hands of the administrator as an asset of the estate, but as a trust fund. It has been frequently held that the verified demand is not required in a foreclosure proceeding and is necessary only to subject the general assets of the estate to the payment thereof. *Hall* v. *Denckla*, 28 ˙Ark. 506; *Arkmo Lumber Company* v. *Cantrell*, 159 Ark. 445, 252 S. W. 901; *Dake* v. *Woodcock*, 181 Ark. 409, 26 S. W. (2d) 84.

The decree of the chancery court is in all things cor-
rect, and must be affirmed.