[Civ. No. 28126.   Second Dist., Div. Two.   Sept. 14, 1964.]

H. R. WOODY et al., Plaintiffs and Appellants, v. LYTTON SAVINGS AND LOAN ASSOCIATION et al., Defendants and Respondents.

Louis Most for Plaintiffs and Appellants.

Clarke & Swink, Gary L. Leary, Mark L. Lamken and Daniel S. McDonald for Defendants and Respondents.

ASHBURN, J.*—Action for declaratory relief concerning right to money paid by insurance company to cover loss upon a fire insurance policy. As against the claims of the owners of the property the trial court ruled that respondent Lytton Savings and Loan Association, the holder of the first trust deed upon the premises, was entitled to same for application to a loan secured by said trust deed in accordance with the terms thereof. Plaintiff owners appeal.

Prior to the fire which gave rise to this action plaintiffs H. R. Woody and Ethel Potts were the owners of certain property known as Hollywood Plantation Hotel. Defendant Lytton Savings and Loan Association was the holder of the first trust deed upon the property made in its favor as security for a loan of $63,000. Lorene Paulos held a second trust deed securing an indebtedness of $18,000 and Ruth C. White a third trust deed for $5,000. Pursuant to the requirement of the Lytton trust deed plaintiffs Woody and Potts purchased from The Canadian Fire Insurance Company and The Canadian Indemnity Company (hereinafter referred to collectively as Canadian or Insurance Company) a fire insurance policy covering the hotel property, naming said plaintiffs as insured and Lytton as beneficiary, and extending from December 5, 1961 to December 5, 1964. Fire damaged the premises on August 23, 1962 to an extent which resulted in a settlement by plaintiffs of the loss at $7,344, which sum was paid by the insurers to Lytton; it applied said proceeds to the loan covered by its first trust deed.

The body of the trust deed provided in section A2:

"A. To Protect the Security of This Deed of Trust, Trustor Agrees: . . . 2. To provide and maintain in force, at all times, fire, earthquake and other insurance each in an amount and in companies satisfactory to, and with loss payable to said Beneficiary. Said insurance policies shall be in form and content satisfactory to Beneficiary and shall be delivered to and remain in possession of Beneficiary as further security for the faith[ful] performance of those trusts. . . . Neither Trustee nor Beneficiary shall be responsible for such insur-

---

*Retired Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

ance or for the collection of any insurance moneys, or for any insolvency of any Insurer or insurance underwriter. . . . The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor.''

In a mortgage endorsement upon the insurance policy: ''Subject to the terms, covenants and conditions set forth in this rider, loss (if any) under this policy, on buildings only, shall be payable:

''To First: Lytton Savings and Loan Association whose mailing address is [address given]

''To Second: Lorene Paulos, an unmarried woman whose mailing address is [address given]

''To Third: Ruth C. White, a single woman whose mailing address is [address given]

''As mortgagee(s) under any present or future mortgage upon the property described in and covered by this policy, as interest may appear, and in order of precedence of said mortgages.''

The trial court held that: ''Defendant Lytton Savings and Loan Association is entitled to the proceeds of the fire loss settlement herein in the sum of $7,344.00, said sum to be applied against plaintiffs H. R. Woody and Ethel Potts' indebtedness to defendant Lytton Savings and Loan Association.

''Plaintiffs H. R. Woody and Ethel Potts and plaintiff Associated Fire Adjusters have no right, title or interest in and to the proceeds of the fire loss settlement herein, other than the right to have said proceeds applied against the principal balance of plaintiffs H. R. Woody and Ethel Potts' indebtedness to defendant Lytton Savings and Loan Association.''

Appellants argue that ''Plaintiffs are the Owners of the Insurance Proceeds and the Defendent Lytton is only a Resulting Trustee Who Must Account for These Proceeds, and Is Obligated to Pay Them Over Directly to Plaintiffs Upon Failure to Foreclose the Security of the First Trust Deed.'' We find no merit in this contention.

The settled rule throughout the United States is stated in 45 Corpus Juris Secundum section 919b.(2), page 1025: ''Where a policy issued to the mortgagor is made payable to the mortgagee as his interest may appear, the mortgagee is entitled to recover to the extent of his interest, the amount

of the mortgage debt, not exceeding the amount of the damage caused by the fire, subject, however, to provisions of the policy otherwise regulating, limiting, or restricting the amount which the mortgagee may recover. If necessary he is entitled to the full amount of the insurance where the unpaid amount of the mortgage is in excess of the insurance.''

Volume 46 Corpus Juris Secundum section 1147, page 27 : ''Where the insurance is taken out by the mortgagor for the benefit of the mortgagee, or is made payable to the mortgagee as his interest may appear, in the absence of a waiver or agreement between the mortgagor and the mortgagee, the mortgagee has a prior or superior right to the proceeds of the policy, to the extent of the mortgage debt, as discussed supra, § 919b.''[1]  See also 5 *Appleman Insurance Law and Practice,* section 3405, pages 571, 573.

That this rule prevails in California plainly appears from *Alexander* v. *Security-First Nat. Bank,* 7 Cal.2d  718 [62 P.2d 735], which dealt with the proceeds of insurance (fire policies with earthquake endorsements) procured by the owners of six leaseholds underlying the Alexandria Hotel in Los Angeles and the claims of the trustee of a bond indenture to receive moneys paid by the insurer in settlement of the loss. These moneys were claimed by the owners of the fee title on the one hand and Security-First National Bank as trustee representing bond holders of the lessee, on the other hand. The trial court held against the trustee and it appealed from the ruling with respect to parcels known as Chick property and Wheeler property.

The Supreme Court said at page 722 : ''In considering the instant case it should be borne in mind that insurance is not in the absence of special contract a substitute for the property. [Citations.] A contract of insurance, that is, the insurance policy, does not pass with title to the property. [Citations.] It does not follow because the lessor's interest in the property is superior to that of a mortgagee of the leasehold interest, that the lessor's interest in whatever insurance exists is superior to that of the lessee or mortgagee. Although it is frequently said that the property is insured, this is inaccurate. 'The policy is not an insurance of the specific thing without regard to the ownership, but is a special agreement of indemnity with the person insuring against such loss or damage

---

[1]In this state there is no occasion to differentiate between a mortgagee and a holder of a trust deed so far as our present problem is concerned. *Bank of Italy* v. *Bentley,* 217 Cal. 644, 657-658 [20 P.2d 940].

as he may sustain.' [Citations.] Different persons may have separate insurable interests in the same property, as, for example, a mortgagor and a mortgagee, a lessor and lessee.

"In the absence of special provisions in the lease there is no obligation on the lessee to procure insurance for the benefit of his lessor insuring against fire or other risk, and neither lessor nor lessee ordinarily has an interest in the proceeds of insurance obtained by the other on his own separate insurable interest. [Citations.] The rule is the same as between mortgagor and mortgagee, vendor and vendee, life-tenant and remainderman. . . . But if there is an agreement for insurance between parties standing in these relationships, and the party obligated, in violation of his agreement, procures insurance payable to himself alone, the other party for whose benefit the agreement was made has an equitable lien on the proceeds of such insurance. [Citations.]"

The Chick trust indenture required lessee to procure earthquake insurance with any loss payable to the trustee. With respect to that lease the Supreme Court awarded the insurance moneys to the lessor because the trust indenture provided that insurance proceeds should go to the trustee "if not expended in rebuilding and repair" and that "unless otherwise provided by the ground leases" the trustee should apply same to redemption of bonds; the lease did require lessee to use insurance moneys for repair and rebuilding and hence the right of the lessor was held to be superior to that of the trustee.

With respect to the Wheeler property it appeared that the lease did not require lessor to carry earthquake insurance but did require it to maintain fire insurance. The court said at pages 726-727:

"As to the Wheeler property a different situation exists. Said lease provided that the lessee at its own cost should keep the building on the premises and all appurtenances in a 'good and safe and secure condition.' But the only stipulation in said lease in regard to insurance relates plainly only to fire insurance. Said lease did not contain a provision, analogous to that in the Chick lease and the other four leases, that *all* insurance moneys should be used in repair. In this situation the lessors have no claim as against the trustee upon the insurance procured by the lessee. As between the lessors who did not place in their leases a provision in regard to earthquake insurance, and the trustee for the bondholders under a trust indenture which required the lessee to insure against earthquake loss for the benefit of the bondholders, the claim

of the trustee, representing the bondholders of the lessee, is superior. . . . The lease covering this particular property contained no provision in regard to earthquake insurance. The trust instrument required the lessee to effect such insurance, payable to the trustee. If the lessee in violation of its covenant to procure earthquake insurance payable to the trustee, had caused policies to be issued payable to itself, the trustee would have an equitable claim upon such policies. (*Miller* v. *Gold Beach Pack. Co., supra,* with Note 66 A.L.R. 858, 864 [131 Ore. 302 (282 P. 764)].) Or, if instead of making the losses payable to the trustee, the lessee caused them to be made payable to the lessor notwithstanding the lease contained no provision in regard to such insurance, the lessor would be as to such insurance the claimant to a mere gratuity, without right to retain the proceeds as against the trustee under a trust instrument requiring the lessee to protect the trustee, representing the bondholders, by such insurance.''

Appellants' claim that the proceeds of insurance collected by respondents stand only as security for the debt owing is directly in conflict with the terms of paragraph A2 of the trust deed above quoted. It says the policy, not the insurance proceeds, shall remain in possession of the ''Beneficiary'' (Lytton) ''as further security for the faith[ful] performance of those trusts'', and that moneys received in payment of any loss might be applied by the beneficiary upon its loan or at its option be released to the trustor.

Lytton's application of same to its loan in no sense effected an unjust enrichment as contended by appellants. After the fire Lytton's security was impaired to the extent of $7,344. Respondents' brief says: ''At the time respondent received said insurance proceeds, . . . the subject property had not been repaired or restored as required by paragraph A-1 of said trust deed. . . . Upon the occurrence of the fire on the subject property, the security interest of respondent was obviously damaged in that the value of said property decreased. There is no evidence in the record that the damage caused by said fire was ever repaired.'' Appellants do not challenge these statements and hence we may accept them as correct. (*Royko* v. *Griffith Co.,* 147 Cal.App.2d 770, 774 [306 P.2d 36].) When respondent applied the insurance money to its loan, its security was restored to a parity with that which existed prior to the fire.

No resulting trust in favor of plaintiffs could flow from this, as appellants argue, for there is missing the essential

element of respondent holding funds which in equity and good conscience belong to another.

■ Cases which hold that a foreclosed mortgagor is entitled to insurance proceeds as against his foreclosing mortgagee (*Reynolds* v. *London, etc. Ins. Co.,* 128 Cal. 16, 22 [60 P. 467]; *Rosenbaum* v. *Funcannon* (9th Cir.) 308 F.2d 680, 684; *Northwestern National Ins. Co.* v. *Mildenberger* (Mo. App.) 359 S.W.2d 380, 384) apply only to situations in which the property was purchased at the foreclosure sale for an amount in excess of that necessary to satisfy the loan. That rule flows from the fact that the receipt of money sufficient to satisfy the debt puts an end to the same and necessarily any excess moneys held by the mortgagee as a result of the insurance claim belong to the owner of the property, not the mortgagee whose interest has terminated. In the instant case there was no foreclosure or purchase by respondent, it did not receive enough to pay off its debt, and it received nothing as a result of the foreclosure of the third trust deed; its rights were not and could not be affected thereby.

■ The argument that this was an application by the mortgagee of money of the mortgagor to payment of an unmatured debt without the consent of the mortgagor cannot prevail for the further reason that the trust deed and the insurance policy specifically authorize this very thing. Concerning section 2541, Civil Code (now embraced in sections 170 and 171, Insurance Code) the Supreme Court said in *Welch* v. *British American etc. Co.,* 148 Cal. 223, 227-228 [82 P. 964, 113 Am.St.Rep. 223, 7 Ann.Cas. 396]: "Section 2541 of the Civil Code gives the rule governing the effect of the creation of an interest in a mortgagee or creditor in cases where the policy runs to the mortgagor or debtor and contains no mortgage clause such as that here inserted. It was not intended to, and does not, apply to policies which are not silent on the subject, but themselves provide to what extent its conditions shall apply to such interest, when created."

The cited case of *Gordon* v. *Ware Savings Bank,* 115 Mass. 588, 591, merely stands for the proposition that money collected by the mortgagee remains collateral for his loan until applied thereto by consent. There was no such consent of the mortgagee in that instance but there is in our case and the Gordon decision does not advance appellants' cause.

■ Volume 5 Couch On Insurance 2d, section 29.66, page 351, says:

"If a policy is made payable to a mortgagee as his interest

may appear, and his interest is only to the extent of his lien secured by notes, it constitutes an appropriation in advance of the policy proceeds to the satisfaction of the notes, and neither party can, without the consent of the other, disregard such application of payment, even though one of the notes was not due at the time the payment was made.'' (Citing in support of the text *Bonham* v. *Johnson,* 98 Ark. 459 [136 S.W. 191, 192] ; *Sharp* v. *Pease,* 193 Ark. 352 [99 S.W.2d 588, 589-590].)

The fact that the Lytton loan was in arrears on interest prior to the fire and that junior encumbrancers made the necessary advances to bring and keep it current, or the fact that the holder of the third trust deed foreclosed it by sale before Lytton received the draft of the insurance company, does not affect the rights of the holder of the first lien; subordinate lien holders always take subject to all rights acquired by a prior lien holder, which rights are governed by the express terms of the written instruments—the trust deed and insurance policy. We quote from *Alexander* v. *Security-First Nat. Bank,* 7 Cal.2d 718, at page 725 [62 P.2d 735], the following language concerning the Chick property :

''The effect of paragraph 6 was to require as between lessor and lessee that all insurance moneys, including the proceeds of earthquake insurance, should be used in rebuilding and repairing. Under said provision the lessor's claim upon the insurance proceeds could not be defeated by the subsequent termination of the lease for default of the lessee in payment of rent. By virtue of the provision in the trust indenture for application of the proceeds of the insurance to redemption of the bonds 'unless otherwise provided by the ground leases,' the trustee's right in the proceeds of earthquake insurance affected by the lessee was made subject to the lessor's claim.''

The same principle applies here in favor of the bondholders' trustee. (See also *Streiff* v. *Darlington,* 9 Cal.2d 42, 45 [68 P.2d 728] ; *San Mateo County Bank* v. *Dupret,* 124 Cal.App. 395, 397 [12 P.2d 669] ; *Penziner* v. *West American Finance Co.,* 10 Cal.2d 160, 180 [74 P.2d 252].)

Appellants assert error in failure of the trial court to award to plaintiff Associated Fire Adjusters a fee for services in effectuating an adjustment or settlement of the amount of loss payable by the insurance company on account of the fire. Paragraph A2 of the trust deed says : ''Neither Trustee nor Beneficiary shall be responsible for such insurance or for the collection of any insurance moneys. . . .''

Plaintiffs Woody and Potts took it upon themselves to effect collection and to that end employed plaintiff Associated Fire Adjusters who brought about a settlement in the sum of $7,344. Appellants argue that they assigned an interest in the insurance claim to Associated but the document relied upon (Exhibit A) does not amount to an assignment—a present transfer of an interest in the subject matter, which is the essence of an assignment (*Cockerell* v. *Title Ins. & Trust Co.*, 42 Cal.2d 284, 291 [267 P.2d 16]). Moreover the court found: "Plaintiffs Woody and Potts, on or about September 13, 1962, retained plaintiff Associated Fire Adjusters to represent them in the adjustment and preparation of a claim for loss and damage by fire, without the knowledge or consent of defendant Lytton.

"Thereafter, again without the knowledge, consent, or approval of defendant Lytton, plaintiffs and each of them settled and compromised the loss and damage occasioned by said fire for the sum of $7,344.00."[2]

It follows that Associated was in no sense the agent of respondent and when it accepted the insurer's agreement to pay $7,344 it did so with respect to money due and payable to the holder of the first trust deed, not to its principals, the trustors. There was no privity between Associated and Lytton and no element of express or implied contract disclosed by the facts in the instant record. Note 38 American Law Reports 383:

"The weight of authority is to the effect that a mortgagee entitled to the proceeds of an insurance policy by virtue of a simple loss-payable clause in the policy is not affected or bound by an adjustment of the loss, whether by arbitration or agreement, by the insured and the insurer, without his knowledge or consent." (Supplemented in 111 A.L.R. 697.)

So far as respondent is concerned Associated acted as a volunteer and respondent owes it nothing.

The case of *Jones* v. *Baxter*, 51 Cal.App. 589, 593 [197 P. 361], does not support appellants' position for it relates to reimbursement of a mortgagee who had to conduct a suit to recover the insurance, not to a mortgagor or his agent. Nor does *Russell* v. *Williams*, 58 Cal.2d 487, 491 [24 Cal.Rptr.

---

[2]Respondents' brief says that there "was no testimony at the trial, all parties stipulating to the facts of the case. . . ." Appellants do not deny this and the findings are to the same effect except that they recite the introduction of certain documentary evidence.

859, 374 P.2d 827], assist appellants; its reliance upon the *Alexander* case *supra* is sufficient proof of this fact.
Judgment affirmed.

Herndon, Acting P. J., and Roth, J., concurred.