Opinion
 

 GILBERT, J.
 

 A deed of trust contains an attorney’s fees provision. Code of Civil Procedure section 730 provides that the court shall fix attorney’s fees in a foreclosure action.
 
 [1]
 

 Here we hold that section 730 does not authorize the court to award attorney’s fees, but only to determine the amount of attorney’s fees pursuant to an attorney’s fees clause in a security instrument after judgment in a foreclosure action.
 

 Christopher Lee Lessel and Ann Janine Lessel appeal an order denying their motion for attorney’s fees pursuant to section 730. We affirm.
 

 Facts
 

 On March 20, 1986, Imperial Savings Association lent $450,000 to Christopher Lee and Ann Janine Lessel to pay off construction financing on their Westlake Village home. A deed of trust on 1486 Kingston Circle, Westlake Village, secured the obligation. Paragraph 19 of the deed of trust provided:
 
 *12
 
 “[In the event of default] Lender . . . may require immediate payment in full of all sums secured by this Security Instrument. . . and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 19, including . . . reasonable attorneys’ fees
 

 Thereafter, the property suffered soil movement and the home was damaged. In August 1988, the Lessels ceased making loan payments and defaulted under the promissory note.
 

 In July 1987, the Lessels brought an action against the developer of their home, the soils engineer who certified the soil compacting of the lot, and the Realtors representing the developer. (Lessel v. Prudential (Super. Ct. Ventura County, 1987, No. 97717).) In 1992, the Lessels recovered $462,500 in the lawsuit.
 

 In Lessel v. Prudential, Imperial Savings Association sought an equitable lien on the $462,500. Eventually, the trial court dismissed Imperial Saving Association’s action for failure to prosecute. In 1992, the Resolution Trust Corporation brought an action against the Lessels, also seeking some or all of the $462,500. Resolution Trust Corporation dismissed its lawsuit in 1994.
 

 In the present action, Chase Manhattan Mortgage Corporation (CMM), successor in interest to Imperial Savings Association, seeks judicial foreclosure, a deficiency judgment, a receiver to rent out the property, and a constructive trust on the $462,500. By summary judgment, the trial court concluded that most of CMM’s causes of action were precluded as a matter of law. On February 16, 1996, CMM voluntarily dismissed the action.
 

 The Lessels sought $136,634.75 for attorney’s fees from CMM pursuant to Civil Code section 1717 and section 730. The trial court denied the motion, concluding that the Lessels were not prevailing parties under Civil Code section 1717, subdivision (b)(2), and that section 730 does not create a right to attorney’s fees.
 

 The Lessels appeal and contend section 730 provides a statutory basis to award attorney’s fees.
 

 Discussion
 

 The Lessels argue that section 730 authorizes an award of attorney’s fees independent of Civil Code section 1717. Section 730 provides: “In all
 
 *13
 
 cases of foreclosure of mortgage the attorney’s fee shall be fixed by the court in which the proceedings are had, any stipulation in the mortgage to the contrary notwithstanding.” The Lessels point out that section 1033.5, subdivision (a), permits as an allowable litigation cost under section 1032 (recovery of costs), “(10) Attorney fees, when authorized by . [1 (B) Statute.”
 

 The Lessels also assert that they need not be “prevailing parties” within the meaning of Civil Code section 1717 to recover fees under section 730. They rely on
 
 Winick Corp.
 
 v.
 
 Safeco Insurance Co,
 
 (1986) 187 Cal.App.3d 1502, 1507-1508 [232 Cal.Rptr. 479], holding that a prevailing party in contractor bond actions (Civ. Code, § 3250) need not obtain a judgment on the merits to receive attorney’s fees.
 

 The Lessels are not entitled to attorney’s fees under Civil Code section 1717 or section 730.
 

 Civil Code section 1717, subdivision (a), permits an award of attorney’s fees to the party prevailing “on the contract” where the contract provides for attorney’s fees incurred to enforce it. Civil Code section 1717, subdivision (b)(2), however, precludes attorney’s fees “[w]here an action has been voluntarily dismissed.” Under that circumstance, there is no prevailing party.
 
 (D & J, Inc.
 
 v.
 
 Ferro Corp.
 
 (1986) 176 Cal.App.3d 1191, 1194 [222 Cal.Rptr. 656].) Thus, the Lessels are not entitled to attorney’s fees under paragraph 19 of the deed of trust because CMM voluntarily dismissed the action. (Civ. Code, § 1717, subd. (b)(2);
 
 D & J, Inc.
 
 v.
 
 Ferro Corp., supra,
 
 176 Cal.App.3d 1191, 1194.)
 

 Section 730 does not authorize the trial court to award attorney’s fees in foreclosure actions unless the security instrument provides for attorney’s fees. Our Supreme Court, in
 
 Hotaling
 
 v.
 
 Montieth
 
 (1900) 128 Cal. 556, 557-558 [61 P. 95], interpreted an earlier version of section 730 as “referring only to ‘the attorney’s fee provided for in the mortgage,’ and as having ‘no application where none is so provided.’ ” The court held: “The act merely gives the court power to fix the fee at any sum not exceeding the amount stipulated by the mortgagor; it cannot allow a fee greater than that amount.” (128 Cal. at p. 558.)
 

 The plain meaning of section 730 authorizes the trial court to settle or determine the amount of attorney’s fees in foreclosure actions. It does not state that the trial court shall award attorney’s fees or that a party is entitled to attorney’s fees. In statutes authorizing an award of attorney’s fees, the Legislature has used the words “award” or “entitled.” (§ 405.38—expunge-ment of lis pendens [“The court shall direct that the party prevailing on any
 
 *14
 
 motion under this chapter be awarded the reasonable attorney’s fees and costs”]; Civ. Code, § 1717—contract provision for attorney’s fees [“the party prevailing on the contract . . . shall be entitled to reasonable attorney’s fees”]; Civ. Code, § 3250—action on payment bond [“In any action, the court shall award to the prevailing party a reasonable attorney’s fee, to be taxed as costs.”].) Therefore, section 730 is somewhat like a person’s appendix; it is not necessary.
 

 Winick Corp.
 
 v.
 
 Safeco Insurance Co., supra,
 
 187 Cal.App.3d 1502, is distinguishable.
 
 Winick
 
 concerned Civil Code section 3250, which requires an award of attorney’s fees to the party prevailing in an action on a contractor’s bond. Civil Code section 3250 expressly authorizes an award of attorney’s fees: “In any action, the court shall award to the prevailing party a reasonable attorney’s fee, to be taxed as costs.” (Civ. Code, § 3250.) In contrast, section 730 does not expressly authorize an award of attorney’s fees.
 

 Accordingly, the order is affirmed. The Lessels shall bear costs on appeal.
 

 Stone (S. J.), P. J., and Yegan, J., concurred.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure unless stated otherwise.