NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JOHN ROLAND DONNELLY, Jr., Debtor. _____ JOHN ROLAND DONNELLY, Jr., Appellant, v. AMERICAN EXPRESS BANK, FSB, Appellee. | No. 18-56302 D.C. No. 3:18-cv-01024-GPC-WVG MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Chapter 13 debtor John Roland Donnelly, Jr., appeals from the district

court's judgment affirming the bankruptcy court's order denying his motion for

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

attorney's fees and his discovery-related motions. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court did not abuse its discretion by denying Donnelly's motion for attorney's fees under California Civil Code § 1717 given that American Express Bank, FSB's ("AmEx") did not oppose Donnelly's objection to the claim. *See* Cal. Civ. Code § 1717; *D & J, Inc. v. Ferro Corp.*, 222 Cal. Rptr. 656, 658 (Ct. App. 1986) (explaining that for purposes of § 1717, a dismissal is voluntary where it is predicated upon "a clear, unequivocal and express intent to abandon an action" (citation omitted)).

The bankruptcy court did not abuse its discretion in disallowing Donnelly's discovery because discovery was rendered moot by AmEx's nonopposition to Donnelly's objection to the claim and the bankruptcy court's finding that Donnelly was not the prevailing party on the contract claim. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and noting the district court's broad discretion in deciding motions to compel discovery).

The district court did not abuse its discretion by declining to consider Donnelly's contentions, raised for the first time in his reply brief in support of his

motion to compel discovery, that AmEx failed to comply with the Federal Rule of Bankruptcy Proceedings 3001(c)(3)(B). *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

**AFFIRMED.**