### BONHAM v. JOHNSON.

### Opinion delivered March 27, 1911.

1. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—Appeals in equity cases are tried *de novo;* and where the chancellor's findings are against the weight of the testimony, they will be set aside. (Page 461.)

2. PAYMENT—APPLICATION.—Where a mortgage stipulated that the property should be insured for the mortgagee's benefit, this constituted an appropriation in advance of the insurance money to the satisfaction of the mortgage indebtedness; and this is true even though part of such indebtedness is not due. (Page 461.)

Appeal from Logan Chancery Court; *J. V. Bourland,* Chancellor; reversed.

*Anthony Hall,* for appellant.

The findings of the chancellor are clearly not supported by the evidence.

The insurance money could not be applied on any other debt than the two notes due. The two debts and mortgages were separate and distinct, and the chancellor erred in applying the $1,000 to the payment of the notes sued on.

*Robert J. White,* for appellee.

1. The findings of the chancellor are sustained by the proof. If so, the payment must be applied to the debts due in exclusion of those not due, whether there was any appropriation by the payee or not. 44 Ark. 90; 54 *Id.* 444; 30 Cyc. 1237; 47 Ark. 111.

2. In the absence of any appropriation at all by either party, the law would apply the payment to the debts first falling due. 34 Ark. 285. But, there being only one debt, the payment must be applied to discharge the several items or notes in the order of their priority, and Bonham had no right of appropriation. 57 Ark. 595.

McCULLOCH, C. J. Appellant, R. A. Bonham, sold and conveyed to appellee, Thos. J. Johnson, and to George and John

Reams, ten acres of land and a cotton gin and mill plant at Blaine, Oklahoma, for the price of $3,000, evidenced by two notes for $500 each, due and payable on November 15, 1907, and January 1, 1908, respectively, and two notes for $1,000 each, due and payable December 1, 1908, and December 1, 1909, respectively. The first two notes were secured by a mortgage executed by appellee Johnson and his wife on a tract of land in Logan County, Arkansas, and a team of mules and a surrey. The other two notes were secured by a mortgage on the property in Oklahoma which was the subject-matter of the sale. The last-mentioned mortgage provided that the mortgagors should keep the gin and mill plant insured in the sum of $2,000 payable, in case of loss by fire, to appellant as his interest should appear. The property was insured, and was destroyed by fire in November, 1908, before anything was paid on the notes. A settlement was made with the insurance company for $1,806, and this sum was paid over to appellant, and was by him, after deducting $100, which he had paid out on insurance premiums, credited on the two notes secured by the mortgage on the Oklahoma property.

Appellant instituted this action in the chancery court of Logan County against appellee, Johnson, and wife to foreclose the mortgage securing the two notes for $500 each.

Appellee defended below on the ground that, about the time the insurance money was ready to be paid over, appellant entered into an agreement with him to accept the insurance money and a reconveyance of the Oklahoma land and the old engine and boiler in satisfaction of all the notes and also to pay a debt of $150 which said appellee owed Speer Hardware Company, of Fort Smith, Ark.

The chancellor decided that the alleged agreement between appellant and appellee for satisfaction of said notes was within the statute of frauds and void, but that appellant accepted the insurance money pursuant to said agreement, and that said acceptance constituted payment on the first notes which became due, being the notes in suit. The court held, quoting from the decree, "that, in the absence of direction by the said partnership as to the application of said money as a payment, it was both the duty of plaintiff and the right of defendant to have the same applied

to the two first-named notes, not only because they, and not the others, were then due, but because they were secured by a mortgage upon his individual homestead property in Arkansas, as a part of said original transaction."

After careful consideration, we are of the opinion that the chancellor's finding that appellant agreed to accept the insurance money and a reconveyance of the remainder of the Oklahoma property in satisfaction of all the notes is clearly against the preponderance of the testimony, and can not be sustained. The testimony of appellee Johnson stands alone, while that of appellant is corroborated by two other witnesses whose testimony tended to show that no such agreement was entered into. The case comes to us for trial *de novo;* and where we reach the conclusion that the finding of the chancellor is against the preponderance of the testimony, it becomes our duty to set it aside.

Appellant was entitled to the insurance money as a payment on the two notes secured by mortgage on the insured property. The mortgage contained a stipulation that the property should be insured for appellant's benefit, and the amount named in the policy was, according to its terms, payable to appellant as his interest in the property appeared. His interest in the property was only to the extent of his lien to secure the payment of those notes. That was an appropriation in advance by the parties of the insurance money to the satisfaction of the two notes secured by the mortgage. When the money was paid over, neither of the parties had the right, without the consent of the other, to disregard the application of payment thus made in advance. *Greer* v. *Turner,* 47 Ark. 17.; *Caldwell* v. *Hall,* 49 Ark. 508; *Fort* v. *Black,* 50 Ark. 256; *Faisst* v. *Waldo,* 57 Ark. 270.

The fact that one of the notes secured by the mortgage was not due when the insurance money was actually paid did not change the rule as to application of the payment; for, without the assent of both parties, that would not authorize either to apply the payment to a debt other than that to which it had been appropriated in advance by the terms of the agreement.

The decree is therefore reversed, with directions to enter a decree in accordance with the prayer of the complaint.