**W. J. FOLSOM, Sr., and W. J. Folsom, Jr.**

v.

**YOUNG & YOUNG, Inc.**

No. 14950.

United States Court of Appeals Fifth Circuit.

Oct. 22, 1954.

W. Neal Baird, Atlanta, Ga., Hurt, Gaines & Baird, Atlanta, Ga., for appellants.

Elliott Goldstein, Atlanta, Ga., Travers Hill, Atlanta, Ga., Powell Goldstein, Frazer & Murphy, Atlanta, Ga., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

In September 1952, appellee corporation, a real estate broker incorporated in and doing business in Florida, entered an agreement with appellants, real estate brokers in Georgia, that each would refer to the other prospective purchasers for property listed with the other party, in consideration of which the latter was to pay an amount equal to one-half of any commissions earned on sales made to prospects so referred. In accordance with this agreement appellee referred to appellants a prospective buyer who thereupon purchased a motor court in Augusta, Georgia, appellants receiving a commission of $6,250.00 as brokers in the transaction. Appellee demanded payment under the terms of the agreement, and upon appellants' refusal to pay, commenced this action, obtaining therein a verdict and judgment for $2,-875.00. Appellants made motions for a directed verdict and for a judgment notwithstanding the verdict on the ground that by uncontradicted evidence it appeared that appellee was not licensed to do business in Georgia nor to act as a real estate broker in Georgia, and that appellee was denied recovery by the provisions of Sections 84–1401 and 84–1413 of the Georgia Code.[1] The motions were overruled and this appeal taken on an agreed statement of the above facts, the ground of this appeal being the same as that of the motions.

The law of Georgia is clear that by referring a prospective purchaser to appellants, appellee was not engaged in the business of real estate broker in Georgia. A real estate broker earns his commission by bringing together a seller and a purchaser ready, able, and willing to buy property on the stipulated terms. Such was not the nature of appellee's promised services, and since no act agreed by it to be done was performed in Georgia, then by the settled law of Georgia, which this court is bound to follow, appellee was not engaging in the business of a real estate broker in Georgia, notwithstanding the location of the land. Tillman v. Gibson, 44 Ga.App. 440, 161 S.E. 630.

The trial court correctly ruled that nothing in the Georgia law precluded a recovery by the plaintiff, in accordance with the undisputed terms of its contract with this Georgia broker. The judgment is therefore affirmed.

---

[1]. The Georgia statute makes it unlawful "to engage in the business or capacity either directly or indirectly of a real estate broker * * * within any county * * * having a population of 30,000 or more." Code of Georgia, § 84–1401. The statute also makes unenforceable "any claim for commissions, profits, option profits, or fees for any business done as real estate broker or salesman, without having previously obtained the license required" by the statute. Code of Georgia, § 84–1413.