## GENE PRICE *v.* DAISY DEAN HARRIS

5-5699                                    475 S.W. 2d 162

### Opinion delivered January 17, 1972

*Ball & Gillman* and *Womack & Lineberger,* for appellant.

*Paul Jamason,* for appellee.

CONLEY BYRD, Justice. Following a fire loss on appellant Gene Price's premises, appellee Daisy Dean Harris, the holder of a vendor's lien and a named insured as her interest appeared, claims that she was entitled to have the fire insurance proceeds applied to her indebtedness. The trial court agreed with appellee and for reversal appellant contends:

"I. The lower court erred in awarding the insurance proceeds to Mrs. Harris, the mortgagee.

II. Alternatively, the lower court erred in awarding more than four thousand eight hundred dollars ($4,800.00) of the insurance proceeds to Mrs. Harris.

III. If Mrs. Harris is entitled to any of the insurance proceeds, such proceeds should be applied as advance payments on the promissory note so as to interrupt the schedule of payments to the extent of the proceeds and the lower court erred in holding otherwise."

On November 5, 1962, appellee and her late husband conveyed the premises to L. A. Hinson and wife, retaining a vendor's lien to secure an indebtedness of $16,500.00, payable in annual installments of $1,000 including interest. That conveyance contained a clause requiring "the vendee to keep all buildings insured at all times with Co-Insurance clause. . ." On January 21, 1968, the Hinsons conveyed to Gene Price. The deed to Price provided:

"The purchaser herein agrees to assume in all its respects a certain Vendor's lien, the balance of which is $15,532.94, payable to J. A. Harris and Daisy Dean Harris and reflected in Deed recorded in Book 581 at page 467. . ."

Pursuant to that agreement appellant obtained four policies totaling $8,000. Typical of the policies is the one issued by Maryland Casualty Company which provided as follows:

"Name Insured: Gene Price and Daisy Dean Harris (holder of vendor's lien) as their respective interests appear."

The policies contained rebuilding clauses which provided, inter alia, that the company would pay only 60% of the amount of the insurance, unless the insured elected to rebuild and spent to replace the destroyed building an amount equalling or exceeding the amount of the loss. Admittedly appellant elected to rebuild, and the value of the new house greatly exceeds that of the destroyed dwelling.

Point No. 1. Here appellant makes a number of arguments. The first is that the term Co-Insurance is

not synonymous with Mortgagee Insurance. Second, that even if Price's predecessor in title was required by a covenant in his deed to insure the premises for the benefit of Mrs. Harris, such a covenant is deemed personal, does not run with the land and would not be binding on appellant. These arguments are without merit. As the trial court pointed out, the parties obviously treated the agreement as a mortgagee clause and appellant through the assumption agreement in his deed cannot now contend that he is not bound by the covenant in the conveyance from Harris to Hinson.

Additional arguments under appellant's point number 1 are that because of the rebuilding, Mrs. Harris has suffered no loss of security and that the ends of justice will be best served if Mr. Price can apply the insurance proceeds toward the cost of reconstruction. Also, that Mrs. Harris by her failure to file a claim for the proceeds until after the house was partially rebuilt is estopped on her part to receive the proceeds.

Because of our previous holdings that a stipulation that property should be insured for the benefit of the mortgagee constitutes an appropriation in advance of the insurance money to the satisfaction of the mortgage indebtedness, *Bonahm* v. *Johnson*, 98 Ark. 459, 136 S. W. 191 (1911), appellant is not entitled to relief under these contentions.

Point No. 2. Appellant, without the citation of any authority, here argues that Mrs. Harris's appropriation should be limited to $4,800.00, the amount that would have been paid under the policies had Price not rebuilt. Here again as we understand our former decisions, and the law of other states in general, agreements such as those contained in the conveyances here involved constitute an appropriation in advance of all the insurance monies payable under the policy. Since such appropriation is subject to contract negotiation between the parties, we are not inclined to apply an equitable apportionment that the parties did not bargain for in advance.

Point No. 3. Finally appellant argues that if he cannot have the benefits of the proceeds applied toward

rebuilding he should at least be permitted to dictate how the proceeds should be applied to the note. In this connection he wishes to apply the proceeds to discharge the unmatured installments as they fall due. In *Coley v Green*, 232 Ark. 289, 335 S. W. 2d 720 (1960) we held contrary to appellant's contention. For that reason the contention is without merit.

We have not overlooked appellant's reliance on *Crone* v. *Johnson*, 240 Ark. 1029, 403 S. W. 2d 738 (1966), where this court by ordering funds in court used to pay current installments as they fell due, prevented an inequitable acceleration of debt. However, *Crone* rests on *Johnson* v. *Guaranty Bank & Trust Co.*, 177 Ark. 770, 9 S. W. 2d 3 (1928), wherein it was said:

"The stipulation for accelerating the time of payment of the whole debt may be waived by the mortgagee, especially when it is made to depend upon his option. A court of equity will also relieve against the effect of such provision, where the default of the debtor is the result of accident or mistake, or when it is procured by the fraud or other inequitable conduct of the creditor himself."

Affirmed.