Leon REA et al *v.* Katherine
RUFF et al

78-249                                         580 S.W. 2d 471

Opinion delivered May 7, 1979
(Division II)

*Blackmon & Zakrzewski,* by: *Wayne Zakrzewski,* for appellants.

*Philip E. Meadows,* for appellee Millers Ins. Co.

*Pinson & Reeves,* by: *Kenneth Reeves,* for appellee Katherine Ruff.

FRANK HOLT, Justice. This action was instituted by appellants seeking a declaratory judgment as to their rights in the proceeds of an insurance policy on a motel damaged by fire. Appellee Ruff, as first mortgagee, was named loss payee in the policy. The court found she was entitled to the policy proceeds. Hence this appeal.

Appellee Ruff and her husband, now deceased, sold the motel to appellants Woodrow and Mollie Horton in 1964 by escrow contract. The contract provided that appellants, as the purchasers, would procure insurance coverage on the motel (and a restaurant) in the amount of $60,000 with loss payable to the sellers. Thereafter, appellants Horton sold their interest in the motel to appellants Leon and Nadine Rea, who assumed the balance due appellee Ruff under the escrow contract. The motel was damaged by fire in January, 1978. At the time of the fire, there was in effect an insurance policy issued by appellee Millers Insurance Group naming appellee Ruff as loss payee.

Appellants first contend the court erred in entering an order without a trial and that until there is evidence submitted, the chancellor could not make "a valid determination of the issues." Appellants' declaratory action alleged that appellee Ruff had impliedly authorized the proceeds of the insurance policy to be applied to the repair of the building. Appellee Ruff responded by denying that she had so agreed or that she had been aware of the plans or reconstruction in progress. We first observe, in answer to appellants' contention, that the chancellor's action was based upon appellants' agreement. Admittedly, appellants' attorney, with appellees' attorney, approved an order of the court providing that "[b]y

agreement of all the parties," written briefs would be submitted to the chancellor and opposing counsel on or before a certain date and "[t]hat judgment declaring the rights of the parties herein will be rendered based on said briefs as submitted." Further, appellants made no objection to this agreement until after the court's action when they filed a motion to set it aside asserting that they should have been permitted to introduce proof. As to appellants' motion, we find no ruling on it. The burden is on the party making a motion to obtain a ruling from the court and failure to do so constitutes a waiver of the motion precluding its consideration on appeal. *Flake v. Thompson, Inc.*, 249 Ark. 713, 460 S.W. 2d 789 (1970). In the circumstances here, we cannot say that the court erred in entering judgment.

Appellants next contend that the court erred in awarding the insurance money to appellee Ruff since she knew of the fire loss and the intentions of the insurance company and the appellants to apply the proceeds to the property's reconstruction. Appellee Ruff asserted her claim to the proceeds as the project neared completion. Appellants now assert that appellee Ruff is estopped to claim the proceeds.

It is well settled that, in a situation such as the one at bar, the loss payee is entitled to the insurance proceeds. *Price v. Harris*, 251 Ark. 793, 475 S.W. 2d 162 (1972). The facts of that case are almost identical to the case at bar. In dealing with the estoppel argument, among others, we said:

> Because of our previous holdings that a stipulation that property should be insured for the benefit of the mortgagee constitutes an appropriation in advance of the insurance money to the satisfaction of the mortgage indebtedness, *Bonham v. Johnson*, 98 Ark. 459, 136 S.W. 191 (1911), appellant is not entitled to relief under these contentions.

See also *Sharp v. Pease*, 193 Ark. 352, 99 S.W. 2d 588 (1936); and *Kissire v. Plunkett-Jarrell Gro. Co.*, 103 Ark. 473, 145 S.W. 567 (1912).

Appellants assert further that even if appellee Ruff is entitled to the proceeds, appellants should be allowed to apply

the payments to their debt as the payments become due, arguing that the case is similar to *Crone* v. *Johnson*, 240 Ark. 1029, 403 S.W. 2d 738 (1966), as appellants will be placed in an "obviously inequitable" position if appellee is awarded the proceeds. *Crone* is inapposite. It dealt with a case where the mortgagor defaulted and the mortgagee was attempting to accelerate the entire debt, foreclose, and also collect the insurance proceeds. We disallowed this as being an inequitable result. Here appellants' same argument was made in *Price, supra*. There we rejected that argument, noting that we did not overlook appellant's reliance on *Crone, supra*. Here it is undisputed that appellee Ruff did not seek acceleration of the debt nor a foreclosure. She only sought and was awarded the insurance proceeds, as a loss payee, which she has applied to appellants' indebtedness.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and PURTLE, JJ.