240

William K. MAAS, d/b/a MAAS & ASSOCIATES
*v.* MERRELL ASSOCIATES, INC.

CA 84-18                                    682 S.W.2d 769

Court of Appeals of Arkansas
Division I
Opinion delivered January 16, 1985

*Butler, Hicky, Hicky & Routon,* Ltd., for appellant.

*W. Frank Morledge, P.A.,* for appellees.

MELVIN MAYFIELD, Judge. This is an appeal from the trial court's dismissal of a real estate broker's suit to recover from another broker an amount alleged to be due under an agreement to divide the commission earned from the sale of a motel in Morrilton, Arkansas.

The complaint was filed on October 16, 1980, and the appellee filed an answer denying the allegations of the complaint. Ultimately the case was set for jury trial on June

22, 1983. On the day before trial appellant filed an amendment to his complaint alleging, for the first time, that he was licensed in Arkansas as a real estate broker. A provision of Ark. Stat. Ann. § 71-1302 (Repl. 1979) states:

> No recovery may be had by any broker or salesman in any court in this State on a suit to collect a commission due him unless he is licensed under the provisions of this Act and unless such fact is stated in his complaint.

At an in-chambers conference on the morning of the day of trial, the appellee moved that the amendment to the complaint be stricken on the grounds that it was not timely filed. The motion was granted and the complaint dismissed.

On appeal the appellant argues that the trial court erred because the licensing requirement of section 71-1302 does not apply in the situation involved here where a nonresident broker is seeking to recover a share of the commission earned by an Arkansas broker for the sale of property in Arkansas. We do not have as much problem with the law as we do with the facts to which the law is to be applied.

The appellant cites the case of *Folsom* v. *Young & Young, Inc.*, 216 F.2d 352 (5th Cir. 1954), where a Florida corporate broker and two individual brokers in Georgia agreed to refer prospective purchasers to each other and to divide any commissions made on any sales to the referred prospects. The Florida broker referred a prospective buyer to the Georgia brokers and the buyer purchased real property located in Georgia. The Georgia brokers refused to pay the Florida broker any part of the commission earned and a suit filed in Georgia by the Florida broker was met by a motion to deny recovery based on the fact that the Florida broker was not licensed in Georgia. The motion was denied and the appellate court affirmed on the following rationale:

> The law of Georgia is clear that by referring a prospective purchaser to appellants, appellee was not engaged in the business of real estate broker in Georgia. A real estate broker earns his commission by bringing together a seller and a purchaser ready, able, and

willing to buy property on the stipulated terms. Such was not the nature of appellee's promised services, and since no act agreed by it to be done was performed in Georgia, then by the settled law of Georgia, which this court is bound to follow, appellee was not engaged in the business of a real estate broker in Georgia, notwithstanding the location of the land.

To support the same principle, the appellant also cites the following cases: *Bell* v. *United Farm Agency*, 296 P.2d 149 (Okla. 1956); *Howell* v. *Steffey*, 204 A.2d 695 (D.C. App. 1964); *Hayes* v. *Reeves*, 571 P.2d 1177 (N.M. 1977); and *Pokress* v. *Tisch Florida Properties, Inc.*, 153 So.2d 346 (Fla. Dist. Ct. App. 1963). We agree that these cases support the appellant's position. The *Pokress* case is cited in another Florida case and the difference in the two cases demonstrates the principle involved. In the case of *Meadows of Beautiful Bronson* v. *E.G.L. Inv. Corp.*, 353 So. 2d 199 (Fla. Dist. Ct. App. 1978), the court held that members of an organization that made an agreement to "engage in and control the selling, marketing, advertising, and servicing of appellant's Florida realty" could not recover on the agreement as there was no allegation that either the organization or its members were licensed or registered real estate brokers or salesmen in Florida. The obvious difference in the two cases is that the agreement in *Meadows* required the "rendition of real estate brokerage services in Florida" whereas the *Pokress* case involved a Florida broker who employed out-of-state brokers to assist him to find a purchaser — not in Florida — but in the states where the out-of-state brokers were licensed.

The only Arkansas case cited by the parties on this point is *Circle Realty Co.* v. *Gottlieb*, 257 Ark. 160, 589 S.W.2d 574 (1979). In that case two brokers licensed in Arkansas agreed to divide a commission, but it was later claimed that the agreement was void because the participation of one Arkansas broker "came through" a New York broker who was not licensed in Arkansas. This contention was rejected and the case is at least compatible with the principle that an out-of-state broker does not have to be licensed in Arkansas in order to enforce his contract in this state, provided the

contract does not require the out-of-state broker to perform brokerage services in this state. We think a careful reading of our statute makes this clear. Ark. Stat. Ann. § 71-1301 (Repl. 1979) explicitly states that it is unlawful to act as a real estate broker or salesman *in Arkansas* without a license issued by the Arkansas Real Estate Commission.

While we think the law is clear enough, the facts to which we must apply that law are not clear. The appellant's argument assumes that he was an out-of-state broker at the time the motel in Morrilton was sold, but his complaint alleges he is a resident of Arkansas and the amendment to the complaint alleges he is licensed in Arkansas as a real estate broker. Probably the explanation is found in statements by appellee's attorney made in an argument to the trial court.

On the day before trial there was a hearing before the trial judge with the attorneys for both sides present. The hearing concerned a motion filed for appellant asking that a setoff and counterclaim filed for the appellee be stricken. The setoff and counterclaim were based on the allegation that appellant owed appellee a portion of the commissions received by appellant from the sale of motel properties in Rogers and Springdale, Arkansas. Appellee's attorney explained to the court that at the time of the Morrilton, Rogers, and Springdale transactions both appellant and appellee were members of the NBAA Association; that this is a very select organization of brokers who specialize in motels; that is a nationwide organization which generally has one member in each state; and that, under the rules of the organization, if an out-of-state broker brokers a motel property in a state where there is a member of the NBAA, he uses that broker and they split the commission. Appellee's attorney stated that the appellant came to Arkansas and sold the Rogers and Springdale motels and that the appellee was entitled to a portion of the commission on those sales.

Comparing the above statement with appellant's argument that assumes the appellant was an out-of-state broker at the time the motel in Morrilton was sold, it is possible that both the statement and the assumption made in the argument are true. In his reply brief the appellant acknowledges

that the facts involved are not clear and suggests that we "should remand this case for additional proof on the question of what acts were done in the State of Arkansas by the appellant non-resident broker, rather than merely affirm the trial court's dismissal of the Appellant's Complaint."

We agree with this suggestion. After granting the motion to strike the amendment alleging appellant was licensed in Arkansas, the trial court dismissed appellant's complaint. Civil Procedure Rule 12(c) provides: "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ." Neither Rule 12 nor Rule 56 authorizes the trial court to summarily dismiss a complaint where there are matters before the court that show there is an issue of fact to be decided. We think such matters were before the court in this case and that the court erred in dismissing appellant's complaint. Therefore, we reverse and remand for further proceeding in keeping with this opinion.

In view of the remand it does not appear that there is any issue concerning the setoff and counterclaim that we need to discuss. However, the case of *Little Rock Crate & Basket Co. v. Young,* decided by the Arkansas Supreme Court on December 21, 1984, might be of interest to the parties.

Reversed and remanded.

CRACRAFT, C.J., and GLAZE, J., agree.