STANLEY WOOD CHEVROLET-PONTIAC, INC. *v.*
PROGRESSIVE CASUALTY INSURANCE COMPANY

CA 01-970                               83 S.W.3d 445

Court of Appeals of Arkansas
Division III
Opinion delivered September 4, 2002

*Murphy, Post, Thompson, Arnold & Skinner*, by: *J.T. Murphy*, for appellant.

*Laser Law Firm*, by: *Karen Hughes* and *Brian A. Brown*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. Brady Donbrosky purchased an insurance policy from appellee Progressive Casualty Insurance Company that expired on October 15, 1997. Progressive sent Donbrosky a renewal notice on September 11, 1997, stating that his policy would terminate on October 15, 1997, if he did not make an additional payment. Donbrosky did not make an additional payment. Approximately seven months later, Donbrosky was involved in an accident and his vehicle was a total loss. Appellant, a lien holder on Donbrosky's vehicle, filed an action alleging that the cancellation of Donbrosky's policy was ineffective because Progressive failed to notify the lienholder that Donbrosky's policy had been canceled as required by Ark. Code Ann. § 23-89-304(b)(1) (Repl. 1999). The trial court granted Progressive's motion for summary judgment, finding that no notice was required because Donbrosky's insurance had not been canceled, but had instead expired on its own terms when Donbrosky failed to renew it. This appeal followed.

For reversal, appellant contends that the trial court erred in granting appellee's motion for summary judgment and in finding that appellee owed no duty to appellant under Ark. Code Ann. § 23-89-303 to notify appellant that appellee no longer provided insurance coverage on the mortgaged vehicle. We find no error, and we affirm.

The Arkansas statutes relating to cancellation and renewal of automobile liability insurance carefully distinguish between the notice required for cancellation and the notice required for nonrenewal. A notice of cancellation is effective only if based on specific grounds (including nonpayment of premium) enumerated in Ark. Code Ann. § 23-89-303(a) (Repl. 1999). Section 23-89-303 is expressly inapplicable to nonrenewal. Ark. Code Ann. § 23-89-303(d) (Repl. 1999). Arkansas Code Annotated § 23-89-304 (Repl. 1999) specifies the time and manner in which notice of cancellation must be made and, significantly, the parties that must be notified:

*23-89-304. Time for notice of cancellation.*

(a)(1) No notice of cancellation of a policy to which § 23-89-303 applies, and no notice of cancellation of a policy which has been in effect less than sixty (60) days at the time notice of cancellation is mailed or delivered, shall be effective unless mailed or delivered by the insurer to the named insured.

(2) No notice of cancellation to any named insured shall be effective unless mailed or delivered at least twenty (20) days prior to the effective date of cancellation, provided that, where cancellation is for nonpayment of premium, at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given.

(b)(1) No notice of cancellation to any bank, or other lending institution shown on the policy and having a lien on the insured's automobile shall be effective unless mailed or delivered by the insurer to the bank or other lending institution.

(2) No notice of cancellation to any bank or other lending institution shall be effective unless mailed or delivered at least twenty (20) days prior to the termination of the insurance protecting the interest of the bank or lending institution, provided that where cancellation is for nonpayment of premium, at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given.

(c) Failure to properly notify a named insured or failure to properly notify a bank or other lending institution shall have no effect on a party properly notified.

(d) This section shall not apply to nonrenewals.

Thus, by the plain language of section 23-89-304, an insurance company must give notice of *cancellation* to both the insured and to any bank or other lienholder on the named insured's automobile for cancellation to be effective. *See State Farm Fire & Casualty Co. v. Stockton*, 295 Ark. 560, 750 S.W.2d 945 (1988).

■ Nonrenewal is treated differently and is governed by a separate statute that contains no requirement of notice to lienholders. The statute governing notice of nonrenewal provides, in pertinent part, that:

*23-89-305. Notice of nonrenewal.*

(a) No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured at the address shown in the policy, at least twenty (20) days' notice of its intention not to renew and, unless it shall also mail or deliver to its agent serving the policy, at least thirty (30) days in advance of nonrenewal, a statement of the grounds for nonrenewal.

Ark. Code Ann. § 23-89-305(a) (Repl. 1999).

Appellant argues that the difference between cancellation and nonrenewal is a mere matter of semantics, and that it was entitled to notice of any circumstance that would terminate the policy. We do not agree. The statutory scheme shows that the legislature did not treat cancellation and nonrenewal as synonymous, but instead carefully distinguished between them and applied different notice requirements to each of them. Consequently, the key question in this case is whether Donbrosky's policy was canceled by Progressive, or whether it was simply not renewed by Donbrosky.

Cancellation of an insurance policy is generally recognized as an occurrence that is to be distinguished from a mere lapse in coverage, or the expiration of a policy by its own terms.

> The right to cancel [is] distinct from a policy's lapse, or expiration by its own terms. When by the terms of the policy all coverage, or certain coverage, terminates upon the occurrence of a specified event, the termination of coverage is not a matter of cancellation but is merely a question of the duration of the risk provided by the policy. Cancellation must be distinguished from termination of the policy under its own terms since in the latter case, notice is not generally required.

2 COUCH ON INSURANCE § 30:2 (3rd ed. 1995) (*citing Grable v. Farmers Insurance Exchange*, 129 Mich. App. 370, 341 N.W.2d 147 (1983) (statute requiring notice of cancellation does not require insurer to give notice of cancellation if policy expires on its own)); *Unruh v. Prudential Property and Casualty Insurance Co.*, 3 F. Supp. 2d 1204 (D. Kan. 1998) (under Kansas law, when the insurer acts to terminate a policy during its term, the policy has been can-

celed, but when the insured fails to pay a renewal premium before the policy expiration date, the policy has lapsed).

More pertinent to the precise question in the present case is the statutory definition applied to "renewal" for purposes of the act under consideration by Ark. Code Ann. § 23-89-301(6), which provides as follows:

> "Renewal" or "to renew" means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term. However, for the purpose of this subchapter, any policy with a policy period or term of less than six (6) months shall be considered as if written for a policy period or term of six (6) months. For the purposes of this subchapter, any policy written for a term longer than one (1) year or any policy with no fixed expiration date shall be considered as if written for successive policy periods or terms of one (1) year, and the policy may be terminated at the expiration of any annual period upon giving twenty (20) days' notice of cancellation prior to the anniversary date. This cancellation shall not be subject to any other provisions of this subchapter.

As we read this statute, it stipulates that any policy with no fixed term or with a term *longer* than one year will not expire by its own terms, but instead must be canceled by the insurer after giving notice. In contrast, a policy for a fixed term of one year or less need not be affirmatively canceled by the insurer, but will instead expire by its own terms given a failure to renew.

In the present case the policy was for a term of slightly less than one year. The policy states that the policy period is "10/15/96 TO 10/15/97," and expressly provides that "[t]his policy incepts on the date and time that the application for insurance is executed and shall expire at 12:01 a.m. on the last day of the policy period." The record shows that the application was executed at 3:15 p.m. on 10/15/96. Because the period from 3:15 p.m. on 10/15/96 to 12:01 a.m. on 10/15/97 is less than one year, the insurer was not required to cancel it in order for it to terminate,

and the trial court correctly found that it expired by its own terms when Donbrosky failed to renew it.[1]

Affirmed.

GRIFFEN and ROAF, JJ., agree.

---

[1] Appellant also argues that it should nevertheless have been provided notice of nonrenewal under section 23-89-305 because appellant was listed as a named insured on the declaration page of the policy. We cannot address this issue, however, because appellant neither obtained a ruling on this issue nor amended its complaint to include a claim for relief based on section 23-89-305. *See Doe v. Baum,* 348 Ark. 259, 72 S.W.3d 476 (2002).