JOHN GIBSON AUTO SALES, INC. *v.*
DIRECT INSURANCE COMPANY

CA 06-316                                              245 S.W.3d 700

Court of Appeals of Arkansas
Opinion delivered December 20, 2006

*Daniel D. Becker*, for appellant.

*Wright, Lindsey & Jennings, LLP*, by: *Kathryn A. Pryor* and *Gary D. Marts, Jr.*, for appellee.

SAM BIRD, Judge. Appellant John Gibson Auto Sales, Inc. (Gibson), appeals from an order granting summary judgment in favor of appellee Direct Insurance Company (Direct). Gibson is an automobile dealer in Hot Springs. On February 9, 2005, pursuant to an Installment Sale Contract, Gibson sold a 1998 GMC Suburban vehicle to Rochelle Hunter. According to the contract, Hunter paid $1,000 as a down payment and Gibson financed a balance of $11,700, to be paid in monthly installments of principal and interest. The contract required Hunter to obtain a casualty insurance policy covering the vehicle, and she acquired such a policy from Direct. On June 5, 2005, the vehicle sustained a loss, and Gibson, claiming to be a lien holder and loss payee under the policy, made demand upon Direct for payment of its loss. Direct refused to pay, contending that the insurance policy had been cancelled prior to the loss to the vehicle due to non-payment of premiums.

On June 25, 2005, Gibson filed a complaint in the Garland County Circuit Court praying for judgment in the amount of $11,849.59, less applicable deductibles, and for statutory penalties, costs, interest, and attorney fees. In its answer, Direct denied that Hunter's insurance policy was in effect on June 5, 2005, denied that Gibson was a loss payee on that date, and alleged that the insurance policy in question had been effectively cancelled on June 3, 2005, due to non-payment of premiums.

On November 1, 2005, Gibson filed a motion for summary judgment, contending that Direct had failed to give Gibson proper notice of cancellation of the policy as required by Ark. Code Ann. § 23-89-304. In the brief supporting its motion, Gibson argued that, under the statute, an insurer's notice of cancellation of an insurance policy must be given at least twenty days prior to termination, except that where the cancellation is for non-

payment of premiums, the notice is not effective unless it is given at least ten days prior to termination and contains a statement of the reason the policy is to be cancelled.

Gibson attached to its motion the written notice of cancellation that it received from Direct, which was dated May 23, 2005, and provided for an effective date of June 3, 2005, but which did not contain a statement of the reason why the policy was being cancelled. In addition, Gibson attached a "Cancellation of Policy" dated June 13, 2005. Gibson contended that, because the May 23 notice did not contain the reason why the policy was being canceled, the cancellation could not have been effective until June 13, which was twenty days after the notice was sent. Furthermore, pointing to the June 13 cancellation notice, Gibson argued that Direct's "own documents show the policy was in effect on the date of the loss." Gibson therefore claimed that coverage under the policy was in effect on the date of the loss, which was June 5, 2005.

Direct filed a cross-motion for summary judgment on November 21, 2005, claiming that Gibson was "not a bank or other lending institution" and that statutory notice of intent to cancel the policy was required to be given only to the insured and "any bank or lending institution shown on the policy and having a lien on the insured's automobile." Direct argued that because Gibson was neither a bank nor other lending institution, Gibson was not entitled to notice, but that notice had been given to Gibson as a courtesy, rather than as a requirement of Ark. Code Ann. § 23-89-304.

In its reply to Direct's motion, Gibson conceded that it was not a bank but argued that it was a lending institution under the statute. To support its claim, Gibson asserted that, in its normal course of business, it loaned monies and was subject to both state and federal regulations as to lending. It also asserted that the intent of the statute is to give notice of cancellation to a lien holder, so the lien holder can take appropriate action to protect its interest.

By letter dated January 6, 2006, the trial court announced that it was granting Direct's cross-motion for summary judgment, finding that the "[sole] issue [was] whether plaintiff [Gibson] in this case is a 'lending institution.'" The court determined that Gibson was not a lending institution, and Gibson now appeals.

Summary judgment was appropriate in this case, as both parties concede that there are no issues of material fact left to be resolved and the issue is purely one of law, involving the interpre-

tation of Ark. Code Ann. § 23-89-304(b) (Supp. 2003). *See State Farm Mut. Auto. Ins. Co. v. Henderson,* 356 Ark. 335, 150 S.W.3d 276 (2004). We review issues of statutory interpretation de novo, as it is for this court to decide what a statute means. *Id.* In this respect, we are not bound by the trial court's decision; however, in the absence of a showing that the trial court erred, its interpretation will be accepted as correct on appeal. *Id.*

Arkansas Code Annotated section 23-89-304(b) states as follows:

> (1) No notice of cancellation to any bank or other lending institution shown on the policy and having a lien on the insured's automobile shall be effective unless mailed or delivered by the insurer to the bank or other lending institution.

> (2) No notice of cancellation to any bank or other lending institution shall be effective unless mailed or delivered at least twenty (20) days prior to the termination of the insurance protecting the interest of the bank or lending institution, provided that, when cancellation is for nonpayment of premium, at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given.

Simply stated, subsection (1) provides that, to be effective, policy cancellation notices must be mailed or delivered to banks or other lending institutions that have a lien on an insured's automobile and are shown on the policy. Subsection (2) further provides that, to be effective, insurance policy cancellation notices to banks or other lending institutions must be mailed or delivered at least twenty days before termination of the insurance policy, except that, when the reason for the cancellation is non-payment of premiums, the time for giving effective notice is reduced to ten days and the notice must contain the reason for the policy's cancellation.

On appeal, Gibson contends that the trial court erred in its finding that Ark. Code Ann. § 23-89-304(b) did not require that it be given notice of cancellation of the insurance policy, arguing that the clear intent of the statute was to provide advance notice to lien holders that insurance would be cancelled. Gibson asserts that, although it is not a bank, as an "other lending institution" it is entitled to notice under the statute, pointing to the fact that it is regulated by both state and federal regulations for lending.

The problem with this argument is that there is nothing in the record to establish that Gibson is a "lending institution." Although Gibson asserted that it loaned monies and was subject to

both state and federal regulations as to lending, it produced no evidence that its primary function was the business of lending. We recognize that the term "lending institution," as used in Ark. Code Ann. § 23-89-304(b), is not defined in the statute. However, in our view, the term "lending institution" means an organization that is primarily engaged in the lending business; if the organization's credit and lending operations, however extensive, and even though regularly carried on, is an incidental function of its main business, then the organization is not a lending institution for the purpose of Ark. Code Ann. § 23-89-304(b).

■ Here, there is simply no proof that Gibson's primary function was the business of lending. Rather, the evidence shows that Gibson was an automobile dealer and that its loan to Hunter was simply an extension of credit that was incidental to Gibson's main business — selling automobiles. Though Gibson claimed that it "loaned monies," it produced no evidence to show that this was its primary function. We therefore hold that Gibson was not a "lending institution" within the meaning of Ark. Code Ann. § 23-89-304(b), and we affirm the trial court's decision to grant summary judgment in favor of Direct.

The dissenting judge does not disagree with the trial court's conclusion that Gibson was not a lending institution within the meaning of Ark. Code Ann. § 23-89-304. Rather, the dissent contends that whether or not Gibson is a lending institution is irrelevant because Direct did not offer proof that the policy had been terminated prior to the loss to the vehicle on June 5, 2005. The dissenting position ignores the pleadings, summary-judgment motions, and arguments of the parties below, and overlooks the sole basis of the trial court's decision. The parties' pleadings and motions demonstrate that the case presented to the trial court evolved into the single question of whether Gibson was a lending institution.

For example, the essence of Gibson's complaint is that it was entitled to recover for the June 5, 2005 damage to Hunter's car because Gibson was named in the policy as a loss payee. Direct's answer denied that the policy was in effect because the policy had been cancelled on June 3, 2005, due to non-payment of premiums. On November 1, 2005, Gibson filed its summary-judgment motion to which was attached, among other things, copies of notices of "Intent to Cancel Policy" addressed to John Gibson Auto dated May 23, 2005 and June 13, 2005, respectively. Both notices bore the applicable policy number, identified the insured (Hunter) and

the insured vehicle, and contained an effective cancellation date of June 3, 2005. Gibson did not argue in its motion that it did not receive notices of the policy's cancellation on June 3, 2005. Rather, it argued that "proper notice of cancellation was not given" in the manner required by Ark. Code Ann. § 23-89-304. Specifically, it argued that since the notice dated May 23 did not contain a statement of the reason for the cancellation as required by Ark. Code Ann § 23-89-304(b)(2), it was not effective to cancel the policy until twenty days after the notice was given. Gibson then pointed to the June 13, 2005 cancellation notice and argued that Direct's "own documents" demonstrate that the policy was still in effect on June 5.

On November 21, 2005, Direct filed its cross-motion for summary judgment alleging and arguing that, because Gibson was not a bank or other lending institution, it was not entitled, under Ark. Code Ann. § 23-89-304(b)(1)-(2), to notice of cancellation of a policy. In its reply to Direct's motion, Gibson alleged that the parties were in agreement as to the relevant facts in this case, and conceded that the "true issue is whether [Gibson] as a loss payee was entitled to the 20 day notice as required by A.C.A. § 23-89-304(b)(1)." Gibson admitted that it was not a bank but argued that, as a lien holder, it was an "other lending institution" within the meaning of the statute.

From the foregoing summary of the pleadings and arguments, it is clear that the issue framed by the parties in their respective pleadings and motions for summary judgment was whether Gibson was a "bank or other lending institution" within the meaning of § 23-89-304. In the letter setting forth its findings, the court noted that "the [sole] issue is whether [appellant] in this case is a 'lending institution.' " In its order granting Direct's motion for summary judgment, the only finding made by the court was that Gibson "has not established that it is a lending institution." Gibson's only point on appeal is that the trial court erred in its finding that Ark. Code Ann. § 23-89-304(b) did not require that notice of cancellation of the insurance policy be given to Gibson.

The dissenting judge would have us decide this case upon an issue that was not ruled upon by the trial court. When a party does not obtain a ruling on an argument before the trial court, the issue is procedurally barred from our consideration on appeal. *Israel v. Oskey*, 92 Ark. App. 192, 212 S.W.3d 45 (2005). Therefore, we

cannot decide this case, as the dissent urges us to, on the issue of whether the casualty insurance policy had been terminated prior to the loss of the vehicle.

Affirmed.

PITTMAN, C.J., and GLADWIN, CRABTREE and ROAF, JJ., agree.

BAKER, J., dissents.

KAREN R. BAKER, Judge, dissenting. I dissent from the majority's opinion affirming the trial court's grant of summary judgment to appellee. First, and foremost, we must be mindful that we are reviewing the trial court's order that simultaneously denied appellant's motion for summary judgment and granted appellee's motion for summary judgment. Therefore, we must review the matter with awareness that the trial court's decision, and our subsequent approval or disapproval of the trial court's action, directly affects the parties' access to our judicial system:

> Our supreme court has stated that we only approve the granting of the motion when the state of the evidence as portrayed by the pleadings, affidavits, discovery responses, and admissions on file *is such that the nonmoving party is not entitled to a day in court, i.e.*, when there is not any genuine remaining issue of material fact and the moving party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 332 Ark. 189, 961 S.W.2d 712 (1998) (emphasis added). Neither Arkansas Rule of Civil Procedure 12 nor Rule 56 authorizes the trial court to summarily dismiss a complaint where there are matters before the court that show there is an issue of fact to be decided. *Maas v. Merrell Assoc., Inc.*, 13 Ark. App. 240, 682 S.W.2d 769 (1985).

*Buie v. Certain Underwriters at Lloyds of London*, 79 Ark. App. 344, 349, 87 S.W.3d 832, 836 (2002).

> Arkansas Rule of Civil Procedure 56(e) states that, "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." . . . However, Rule 56(e) further states, "If he does not so respond, summary judgment, *if appropriate*, shall be entered against him." (emphasis added).

*Id.*, 79 Ark. App. at 349-50, 87 S.W.3d at 836. Furthermore, summary judgment is not proper where the evidence, although not in material dispute as to actuality, reveals aspects from which inconsistent hypotheses may be drawn. *Luningham v. Ark. Poultry Fed'n Ins. Trust*, 53 Ark. App. 280, 922 S.W.2d 1 (1996).

One of the difficulties that I have with the majority's conclusion in this case is that it is premised on the finding that the parties conceded that the only issue before the trial court was the interpretation of Ark. Code Ann. § 23-89-304(b). I have examined the pleadings and can find no such concession by appellant either below or on appeal. Appellant's motion for summary judgment reads as follows:

Comes now the Plaintiff, JOHN GIBSON AUTO SALES, INC., and for it's [sic] Motion states:

1. Plaintiff filed it's [sic] Complaint herein against the Defendant' [sic] seeking payment for a loss under a policy of insurance.

2. That Plaintiff submits with this Motion the Affidavit of Mona Hamilton, and a supporting brief.

3. That there are no material issues as to liability and Plaintiff is entitled to judgment as a matter of law.

4. That pursuant to Rule 56 of the Rules of Civil Procedure, this Honorable Court should enter an order granting judgment in Plaintiff's favor as to liability under the policy of insurance.

WHEREFORE, Plaintiff prays that this Honorable Court enter a judgment finding a liability to Plaintiff under the policy of the insurance.

This motion for summary judgment does not cite Ark. Code Ann. § 23-89-304(b), nor does it mention statutory construction, but it does assert that there are no material issues as to liability. Examining further, the brief in support of the first motion for summary judgment is entitled "Brief in Support of Motion for Summary Judgment on Liability." The first paragraph reads as follows:

On February 9, 2005, Plaintiff sold to Defendant's insured, ROCHELLE HUNTER, one 1998 GMC suburban vehicle. (A

copy of the Sales Contract is attached hereto as Exhibit A). Plaintiff was noted as a lien holder under a policy of insurance issued by Defendant. (See response to Interrogatory No. 4 attached hereto as Exhibit B). That on June 5, 2005, the subject vehicle suffered a casualty loss. Thereafter, Plaintiff made claim to the Defendant for benefits under the policy. On June 27, 2005, Danette Dilworth, a Claims Adjuster working behalf of the Defendant submitted to Plaintiff a letter with attachments stating "Letter of intent to cancel was mailed on May 23, 2005 and the actual cancellation letter was mailed on June 13 2005") [sic] A copy of said letter and attachments are attached to the supporting Affidavit of Mona Hamilton.

The first paragraph does not mention Ark. Code Ann. § 23-89-304(b), or that the only issue before the trial court is one of statutory construction. It appears that this paragraph merely establishes the timeline that shows that the loss occurred after the notice of intent to cancel was mailed, but prior to the cancellation of the policy. If that timeline is accurate, then the policy was still in effect at the time of the loss. Yet, the majority has concluded that appellant conceded that the statutory construction of Ark. Code Ann. § 23-89-304(b) was the only issue before the court.

The second paragraph of appellant's brief in support of its motion for summary judgment reads as follows:

Defendant denied coverage contending the policy lapsed for non-payment. Plaintiff asserts that proper notice of cancellation was not given and seeks recovery under the policy.

That statement makes no concession that the only issue before the trial court was one of statutory construction. It is followed by argument that cites Ark. Code Ann. § 23-89-304, and the statute is set forth line-by-line. Appellant argues that as a lienholder it was entitled to statutory notice.

In the next paragraph, after establishing the timeline that proved that the insurance policy was still in effect at the time of the loss, appellant mentions that appellee also failed to comply with a statutory notice. The brief in support specifically cites only Ark. Code Ann. § 23-89-304(a)(2). Yet, somehow, the majority concludes that the parties conceded that the only issue before the court was a matter of statutory interpretation for Ark. Code Ann. § 23-89-304(b). The next paragraph reads in full:

Subsection (a)(2) requires that 20 days notice of cancellation be provided to a lien holder, unless the cancellation is based upon

non-payment of premium, then only a ten day notice is required, but the reason for cancellation must be given. The notice of intent to cancel dated May 23, 2005, and marked as Exhibit B to the Affidavit of Mona Hamilton does not state the reason why the policy was to be canceled. Accordingly pursuant to subsection (a)(2) of A.C.A. § 23-89-304, the cancellation could not be effective until 20 days after May 23, 2005. Since the loss occurred on June 5, 2005, Plaintiff is entitled to coverage under the policy.

The reference is repeated for subsection (a)(2), and again there is no reference to subsection (b). Subsection (a)(2) addresses notices to a named insured. After all, "by the plain language of section 23-89-304, an insurance company must give notice of cancellation to both the insured and to any bank or other lienholder on the named insured's automobile for cancellation to be effective." *Stanley Wood Chevrolet-Pontiac, Inc. v. Progressive Cas. Ins. Co.*, 79 Ark. App. 37, 83 S.W.3d 445 (2002). A lienholder, sometimes designated as a mortgagee, who is named as a loss payee is a named insured, *Price v. Harris*, 251 Ark. 793, 475 S.W.2d 162 (1972), even if not an insured for all purposes, *see Dalrymple v. Royal-Globe Ins. Co.*, 280 Ark. 514, 659 S.W.2d 938 (1983). One does not have to be a lending institution to be designated a loss payee. *See Farmers Mutual Ins. Co. v. Lane*, 278 Ark. 53, 643 S.W.2d 544 (1982); *Price, supra.*

Next appellant's brief sets forth analysis under other statutory provisions regarding insurance that awards statutory protections to a secured party who qualifies as an insured. *See Sphere Drake Ins. Co. v. Bank of Wilson*, 312 Ark. 540, 543, 851 S.W.2d 430, 432 (1993) (stating that while we know of no case directly on point decided by this court, Sphere Drake has given us no reason to hold that a secured party who qualifies as an insured is not entitled to the benefit of the statutory provision). Furthermore, under a subsection titled "Unfair methods of competition and unfair or deceptive acts or practices defined," Arkansas Code Annotated section 23-66-206(9)(B) (Supp. 2005) provides as follows:

Cancellations of property and casualty policies shall only be effective when notice of cancellation is mailed or delivered by the insurer to the named insured and to any lienholder or loss payee named in the policy at least twenty (20) days prior to the effective date of cancellation. However, where cancellation is for nonpayment of premuim, at least ten (10) days' notice of cancellation accompanied by the reason for cancellation shall be given.

*See also Columbia Mut. Ins. Co. v. Home Mut. Fire Ins. Co.*, 74 Ark. App. 166, 47 S.W.3d 909 (2001).

Given that there is case law and statutory law supporting appellant's argument that a loss payee lienholder can qualify as an insured on an insurance policy, I think it is possible that appellant intentionally cited subsection (a)(2) and not subsection (b). Nor is any concession that the statutory interpretation of Ark. Code Ann. § 23-89-304(b) is the only issue before the court to be found in the final two paragraphs of the appellant's brief in support of its motion for summary judgment:

> Defendant's own notice of cancellation dated June 13, 2005, attached as exhibit C to the Affidavit of Mona Hamilton shows the cancellation date of June 13, 2005. Again the loss was on June 5, 2005, coverage was in effect. It should be noted that the intent to cancel was dated May 23, 2005 and the notice of cancellation was June 13, 2005, taking into account the 20 day requirement of A.C.A. § 23-89-304.

> Since Defendant's own documents show the policy was in effect on the date of loss, and that A.C.A. § 23-89-304 was not complied with, Defendant should be held responsible under the policy.

The conclusion of appellant's brief in support states that the policy was in effect on the day of the loss and that the notice of cancellation was sent twenty days after the notice of intent to cancel. The timeline set out by appellant is consistent with the statute requirement that an insurer provide twenty days notice prior to the cancellation of the insurance policy.

I can find no concession by appellant that the only issue before the trial court was the interpretation of Ark. Code Ann. § 23-89-304(b).

In response to appellant's motion, appellee filed a document entitled "Cross-motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment." It does not refute appellant's claim that the policy was in effect at the time of the loss of the vehicle. It does cite Ark. Code Ann. § 23-89-304(b), but does not reference Ark. Code Ann. § 23-89-304(a)(2). It claims that it provided a ten (10) day notice of cancellation as a courtesy, but that it was not required to provide any notice whatsoever. The basis for its claim that appellant was not entitled to notice of the cancellation of this policy, for which it was a loss payee lienholder,

was that appellant is an automobile dealer. Specifically, appellee argues that "[b]ecause the statute does not require notice to motor vehicle dealers who sell vehicles under an installment sales contract, plaintiff in this case was not entitled to any notice, and its complaint against Direct is without merit." In furtherance of that claim, appellee argues as follows:

> Under the statutory construction maxim *inclusion unius est exclusion alterius*, which the Arkansas Supreme Court has called a "settled rule of construction," the inclusion of one in a list works to exclude all others. *Arthur v. Zearley*, 320 Ark. 273, 281, 895 S.W.2d 928 (1995). Applying the maxim, one concludes that the inclusion in the statute of banks and other lending institutions is an exclusion of other entities that might hold a lien on an insured vehicle.

It appears that appellee is arguing that the inclusion of banks and other lending institutions in Ark. Code Ann. § 23-89-304(b) excludes any secured party who qualifies as an insured under subsection (a) who might be entitled to notice. Because appellee does not mention Ark. Code Ann. § 23-89-304(a), it is possible that appellee is arguing that the inclusion of banks and other lending institutions in Ark. Code Ann. § 23-89-304(b) excludes any secured party from any other statutory protection provided by the law in the State of Arkansas. As broad as this latter assertion seems, it is consistent with appellee's claim that "Arkansas law thus does not entitle plaintiff to any notice of its cancellation of [the] automobile insurance policy and that the notice that was given was a courtesy rather than a fulfillment of a requirement." Appellee does not directly respond to appellant's argument that it was entitled to notice under Ark. Code Ann. § 23-89-304(a). There were no affidavits or other documents attached to appellee's motion. Clearly appellee was proposing that Ark. Code Ann. § 23-89-304(b) excludes an automobile dealer that holds a lien on a vehicle from receiving notice of the cancellation of a policy on which it is a loss payee.

In addition to the fact that appellee omitted any specific reference to Ark. Code Ann. § 23-89-304(a), not once did appellee say that the policy was terminated on a specific date, or attach a copy of the cancellation, or even state that the policy was cancelled prior to the date of the loss. Instead, appellee argues only that Arkansas law specifically excludes all lienholders on automobiles from notice of a policy cancellation unless the lienholder proves that it is a bank or lending institution. As the majority

writes this concept into law, a lienholder must prove that it is in the business of loaning money separate and apart from any other business before it can be legally entitled to the same protection that a lienholder who is in the business of loaning money is afforded. The question that then arises is who might loan people money to buy cars. Banks loan money to people with good credit and work histories. Sometimes though, people do not qualify for bank loans. Sometimes people are considered too high a risk for a bank to loan money to them.

We have a higher percentage of people in this State below the poverty level than the national average. In this largely rural state, people need cars to get to jobs, buy groceries, take their children to schools, and go to the doctor. Car insurance is not an unnecessary luxury. We require people to maintain and prove insurance coverage for licensing and traffic use. The majority's opinion reinforces the belief that our laws afford no protection to those who loan money to the economically disadvantaged and, in fact, specifically excludes them from the protection afforded other secured parties.

Next at the summary judgment stage, appellant filed a document entitled "Plaintiff's Reply Brief." Appellant's reply brief argues that if you're going to look at Ark. Code Ann. § 23-89-304(b) then it includes lienholders. Appellant also filed a document entitled "Plaintiff's Response to Defendant's Cross Motion for Summary Judgment." In that document, appellant admits the allegations of Defendant's paragraph seven which reads, "Direct states that Arkansas law requires statutory notice of insurance cancellation be sent only to the insured and to 'any bank or lending institution shown on the policy and having a lien on the insured's automobile.' Ark. Code Ann § 23-89-304." Then appellant denied paragraph eight of appellee's motion that reads, "Direct states that plaintiff was neither the insured on the policy of insurance in question nor a bank or other lending institution as described in the statute." Those answers indicate that appellant was asserting that it was afforded protection under subsection (a) as well as (b).

On appeal, appellant focuses on the fact that the trial court erred in finding that the application of Ark. Code Ann. § 23-89-304(b) precluded recovery for appellant because it was not entitled to notice. The majority misconstrues that focus, an argument directed at the trial court's ruling, as a concession that the inter-

pretation of Ark. Code Ann. § 23-89-304(b) was the only issue and that appellant had abandoned any other claim.

We are reviewing a motion for summary judgment. On appeal, appellant states that "[s]ince the loss occurred on June 5, 2005, the twenty days had not expired, and the policy was in effect." The pleadings of appellant to the trial court asserted that the policy was in effect at the time of the loss. Before this court should undertake an analysis of the notice provision, we should first determine whether or not, as a matter of law, the policy was cancelled prior to the loss. Appellant initially cited those statutory notices provisions to bolster its position that the policy was still in effect at the time of the loss. Appellant did not argue that the policy had been cancelled prior to the loss, but that cancellation was ineffective to it, due to improper notice. A factual determination of when the policy is cancelled is a prerequisite for any analysis regarding statutory notice requirements. For that reason alone, this case should be reversed.

Under no analysis of the pleadings can I find that appellant ever conceded that the only issue before the trial court on summary judgment was the interpretation of Ark. Code Ann. § 23-89-304(b). However, even had appellee established by sufficient proof that the policy was terminated prior to the loss, and if the only issue before the trial court had indeed been an interpretation of Ark. Code Ann. § 23-89-304(b), I still could not accept the majority's conclusion that the law of this State protects lienholders, when named as a loss payee in a policy of insurance, only if they prove they are institutions exclusively in the business of loaning money.

Accordingly, I dissent.