# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00015-CR

**Quintin Carruthers, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NO. 59228, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Quintin Carruthers guilty of aggravated robbery, for which the trial court assessed punishment at sixty years' imprisonment. *See* Tex. Penal Code Ann. § 29.03 (West 2003). In his only point of error, appellant contends the trial court violated his constitutional right to counsel by refusing to permit his attorney to ask a question during the jury selection process. We will affirm the conviction.

"In all criminal prosecutions the accused . . . shall have the right of being heard by . . . counsel." Tex. Const. art. I, § 10. This state constitutional right to counsel includes the right to pose proper questions during the voir dire examination of potential jurors. *Jones v. State*, 223 S.W.3d 379, 381 (Tex. Crim. App. 2007). In this case, appellant asserts that he was not permitted to ask a proper question regarding the concept of reasonable doubt. Counsel had asked the panelists how, as parents, they might seek to learn the truth about an incident (a broken vase)

when their children told different stories about it.  After a discussion that went on for several pages in the record, counsel asked:

> [Defense counsel]:     Okay.  All right.  Does everyone agree that testimony that is unresolved, that's conflicting is unresolved by the jurors that can be reasonable doubt?
>
> [Prosecutor]:     Objection to the commitment.
>
> . . .
>
> THE COURT:     Rephrase it.
>
> [Defense counsel]:     Okay.   Would everyone agree that conflicting, unresolved testimony could be reasonable doubt?
>
> [Prosecutor]:     Judge, that is committing.  It's getting them to look at a certain thing and decide for sure it's not beyond a reasonable doubt.
>
> THE COURT:     Sustained.

Counsel moved to another subject without further comment.

It is improper for an attorney to bind or commit a prospective juror to a verdict based on a hypothetical set of facts.  *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001) (citing *Allridge v. State*, 580 S.W.2d 471, 480 (Tex. Crim. App. 1991)).  Commitment questions are those that commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact.  *Id*.  Although commitment questions generally call for a "yes" or "no" answer, an open-ended question can be a commitment question if it asks the prospective juror to set the hypothetical parameters for his decision-making.  *Id*. at 180.

Not all commitment questions are improper. *Id*. at 181. When the law requires jurors to make a commitment—to be able to consider the full range of punishment for the offense, for example—the attorneys may ask the prospective jurors whether they can follow the law in that regard. *Id*. But where the law does not require the commitment—to be able to consider probation when the victim is a nun, for example—a commitment question is invariably improper. *Id*. at 180. Thus, for a commitment question to be proper, one of the possible answers to the question must give rise to a valid challenge for cause. *Id*. at 182.

Appellant argues that defense counsel's disallowed question did not seek a commitment from the panelists to resolve, or to refrain from resolving, an issue a certain way based on a particular fact or set of facts. Instead, he contends that the question properly sought to determine whether the prospective jurors believed that it was possible for conflicting testimony to give rise to a reasonable doubt. Appellant argues that counsel was properly seeking to discern the thought process of the prospective jurors in order to intelligently exercise his peremptory challenges.

We agree that the concept of reasonable doubt is a proper subject for voir dire. This does not mean, however, that any question touching on that subject or that would produce an answer helpful to counsel is proper. For example, it is improper to ask a prospective juror, "Could you find someone guilty on the testimony of one witness," or "Could you find someone guilty on circumstantial evidence alone." *Id*. at 183 n.28. These questions seek to commit the prospective juror to a finding of guilt or innocence if the juror is confronted with a particular fact—a single witness or wholly circumstantial evidence. While the prospective juror's "yes" or "no" answer to one of these questions might be helpful to counsel in deciding whether to exercise a peremptory

3

challenge in a particular case, the answer would not give rise to a valid challenge for cause because a juror who would not be convinced beyond a reasonable doubt by the testimony of a single witness or by circumstantial evidence is not biased against the law, but merely has a higher threshold for proof beyond a reasonable doubt than the minimum the law considers sufficient. *See Castillo v. State*, 913 S.W.2d 529, 533 (Tex. Crim. App. 1995).

Whether prospective jurors would agree that "conflicting, unresolved testimony could be reasonable doubt" is a commitment question. The question asks the panelists to commit themselves to finding or not finding a reasonable doubt if there are unresolved conflicts in the testimony.[1] Such a commitment is not required by law. The presence of an unresolved conflict in the testimony does not, in itself, require a verdict of not guilty, and a prospective juror who could be convinced beyond a reasonable doubt even when confronted by an unresolved conflict is not challengeable for cause.[2] Nor is a prospective juror challengeable for cause simply because the juror's understanding of proof beyond a reasonable doubt would require a resolution of all conflicts in the testimony; that is, if the juror has a higher threshold for proof beyond a reasonable doubt than the minimum required by law. Because counsel's question asked the jury panel for a commitment where a commitment is not legally required, the trial court did not err by sustaining the State's objection.

---

[1] Use of "could" rather than "would" does not necessarily transform a commitment question into a proper question, as the "could you convict on the testimony of one witness" and "could you convict on purely circumstantial evidence" examples show. *Standefer v. State*, 59 S.W.3d 177, 180 n.9 (Tex. Crim. App. 2001).

[2] This is not to say that an unresolved testimonial conflict cannot give rise to a reasonable doubt, but only that a prospective juror cannot be bound to resolve every conflict in the testimony by returning a verdict of not guilty.

4

The point of error is overruled, and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:   November 29, 2007

Do Not Publish